STEPHEN D. DILWORTH, Admr., &c., v. G. W. FOOSHEE et al.

WRIT OF ERROR: WILL NOT LIE FROM INTERLOCUTORY DECREE IN PROBATE COURT.—
A decree of the Court of Probates, overruling the defendant's demurrer to a petition for distribution and final settlement, is interlocutory; and a writ of error cannot be prosecuted from it.

IN error from the Court of Probates of Monroe county.    Hon. W. A. Tucker, judge.

Fooshee and others, who were distributees of the estate of Richard Dilworth, filed their petition against Stephen Dilworth, the administrator, to compel distribution and final settlement of the estate.

A demurrer was filed to the petition, which was overruled, and the defendant was ordered to answer within ten days; "and that

the administrator render a final account of his actings and doings as such," &c.

From this decree, the administrator prosecutes this writ of error.

*W. F. Dowd*, for defendant in error,

Moved to dismiss the writ of error, because the decree, from which it was prosecuted, was merely interlocutory; and, in support of this position, cited *Ragan* v. *Stone*, 4 S. & M. 691; *Pickle* v. *Holland*, 24 Miss. R. 566.

*Sale* and *Phelan*, contrâ,

Insisted that, as the decree not only overruled defendant's demurrer, but ordered him to file a final account, without giving him an opportunity of answering the petition, that it was final. That, so far as it related to the final account, it was peremptory, and had to be obeyed, and the mischief would be irreparable, if it were erroneous, unless it could be revised on writ of error.

FISHER, J., delivered the opinion of the court.

This is a writ of error to a decree overruling a demurrer to a proceeding in the Probate Court of Lowndes county. It is but an interlocutory decree; and a writ of error cannot, therefore, be prosecuted from it. The writ lies only to a final judgment or decree.

Cause dismissed.