## M. S. HAISE v. ISADORE LORCH

1. PRACTICE IN SUPREME COURT.—A writ of error, except only in specially authorized cases, lies only from a final judgment or decree. It does not lie upon exceptions to an order granting a new trial.

ERROR to the circuit court of Hinds county, 2d district. BROWN, J.

*S. M. Shelton,* for plaintiff in error,

Contended, that, although it might be true that a writ of error will not lie from the judgment of the circuit court granting a new trial, defendant in error has waived all benefit which he could have derived from this error, by failing to dismiss the writ of error herein, citing Terry v. Robbins, 5 S. & M. 91; Rev. Code of 1871, § 648; Frigel v. White, 27 Miss. 202.

*E. E. Baldwin,* for defendant in error,

Contended, that the granting of a new trial is not a final judgment from which an appeal or writ of error will lie, citing Terry v. Robbins, 5 S. & M. 291; 1 ib. 27; Hutch. Code, 885; Rev. Code of 1857; Code of 1871, § 648.

PEYTON, C. J.:

This is a writ of error prosecuted from an order of the circuit court of Hinds county, granting a new trial.

A writ of error lies only from a final order or decree, except in cases specially authorized by statute. Higginbottom v. Shall, 3 S. & M. 588; Terry v. Robbins, 5 ib. 291; Stebbins v. Neles, 13 ib. 307; Delworth v. Fooshee, 34 Miss. 288.

Hence a writ of error will not lie where exceptions are taken to a judgment granting a new trial, until after a new trial has been had and a final judgment rendered. Bank of Lexington v. Taylor, 2 S. & M. 27; Terry v. Robbins, 5 ib. 291.

The writ of error, having been improperly sued out in this case, must be dismissed.