THE STATE OF MISSISSIPPI, use, etc., vs. R. C. POWERS et al.

1. OFFICIAL BONDS : *Joint and several. When surety may be sued separately.*
   Where several sureties signed an official bond, and each surety bound himself "severally for the sum, and the sum alone, set respectively opposite their names," a joint action cannot be maintained against them for the amount of the bond. Their obligation is several, and not joint and several. Such a bond is not good as a statutory bond, for want of conformity to the statute, but is good as a common law obligation, and a separate action may be maintained against each of the sureties for the sum set opposite his name, treating it as the bond of each surety in a penalty equal to the amount set opposite his name.

2. SAME : *Judgment by the court when the parties waive a jury.*
   When the parties waive a jury and submit the case to the court for trial, and the court renders a judgment on the whole case, as submitted, in favor of the defendants, it is too late to move the court to set aside the judgment, with a view to dismiss as to some of the defendants. The finding of the judge is likened in this respect to the verdict of a jury.

ERROR to the Circuit Court of *Lincoln* County.

Hon. J. M. SMILEY, Judge.

The opinion of the court contains a sufficient statement of the case.

The errors assigned are :

1. The court erred in refusing to allow plaintiff in the court below to introduce in evidence the bond sued on.

2. In refusing to grant plaintiff's application to set aside the judgment before entry, and for leave to dismiss as to one defendant and to amend the declaration.

3. In overruling the motion for a new trial.

*Chrisman & Thompson*, for appellant :

Cox sued the sureties on sheriff Moore's bond, under Code, 1871, § 747. The sheriff is a non-resident. The only plea is

*nil debet.* It waives objections to the form of the declaration. Though the declaration is in *debt*, it shows the bond is the basis of the action. Are not the sureties on the bond bound to Cox for the damages ustained? If severally liable, they are jointly liable. The case was tried before the court and judgment pronounced, when the bond was ruled out; but, before the entry was made, plaintiff offered to reconstruct his declaration and dismiss as to all the defendants but one.

This was upon the ground that no action whatever could be maintained upon the bond, and it presents the question whether an action lies against the sureties on a sheriff's bond for any conceivable defalcation of the sheriff. It is true this bond is informal, but it is, nevertheless, a statutory bond in this : it is for the proper amount, payable to the state, is properly conditioned, accepted, and approved. The sheriff continued in office, collected money, inflicted the damage sued for. It was not voluntary or without consideration, and the damage sustained must be taken as admitted. As to the bond, see Code of 1871, § 324. If we are mistaken in this, still the court erred in not permitting plaintiff to amend the declaration.

There is nothing in the fact that the demand is for $10,000, since the damage is only $219. Judgment should be as in Bradford *v.* Curlee, 41 Miss., 558.

*Sessions & Cassidy*, for appellees :

The bond was inadmissible in evidence :

1. Because it was executed in 1870, and before he was elected sheriff. It is true it is alleged that the date is a mistake, and should have been 1873, but the bond could not be reformed in that proceeding. "It is a general rule that parol evidence is admissible to add a new term to an agreement, which, when so modified, is to be specifically performed" (40 Miss., 483 ; 42 ib., 725), but is inadmissible in a court of law to show mistakes in a deed.

2. The bond recites that the parties (naming them) are "held and firmly bound," etc., in the "sum of $10,000 ; that is to say, each of the undersigned securities bind themselves *sev-*

*erally* for the sums, and the *sums alone*, set respectively opposite their names." Such a bond is not authorized by the statute. Each surety should have been surety for the full penalty of $10,000, while neither was liable, by the terms of the bond, beyond the sum set opposite his name. The suit was against all, for the full penalty of the bond ($10.000). The bond showed no such liability.

3. As to the bond, see Code, 1871, § 219. There is no such condition in the bond as the statute requires, the only condition being that he shall perform the duties of sheriff; and the legislature did not contemplate that the payment of all moneys, etc., should be one of the duties proper of the sheriff, or that condition would have been required in the bond, and it is not properly one of the duties of the office of sheriff, but an additional duty required of the person who may fill that office, for which he is responsible by a separate condition in the bond. For the performance of these *ex-officio* duties these sureties did not bind themselves, and are not liable, and for this cause the bond was properly ruled out as evidence in the case.

CAMPBELL, J., delivered the opinion of the court.

This is an action on the bond of Moore, sheriff of Lincoln county, against the sureties on it. The plea is *nil debet*. On trial plaintiff dismissed his action as to all but two of the defendants. The bond, when offered in evidence, was objected to and excluded, and judgment declared for defendants by the judge, who tried the case without a jury, by consent of parties. Afterwards, and before the judgment was entered on the minutes, plaintiff moved to set aside the judgment, with a view to dismiss as to one of the defendants, and to amend the declaration, but this was refused. The exclusion of the bond as evidence, and the refusal, after judgment declared, to set it aside for the purpose stated, are assigned for error, having been excepted to at the time.

The record does not disclose the ground on which the bond was excluded as evidence, but it is obvious from an inspection

of the declaration and bond.   The bond is in the penalty of $10,000, but each surety bound himself " severally, for the sum, and the sum alone, set respectively opposite their names."   There were four sureties, viz., " R. W. Millsaps, for $2,000 ; James A. Haskins, for $2,000 ; Ridgley C. Powers, for $3,000 ; Henry O'Hara, for $3,000," who signed the bond, as here represented.   The action was against the four sureties, for the penalty of $10,000, with a statement in the declaration of the way in which the sureties bound themselves severally for the amount set opposite the name of each.   The suit was dismissed as to all except Millsaps and Haskins, and the bond was offered as evidence.   It was properly excluded, because the action is against Millsaps and Haskins *jointly*, whereas their obligation is clearly a several one, and is not joint and several.   The bond is not good as a statutory bond, for want of conformity to the statute, but it is a good common law obligation, and enforceable, according to its tenor, by the appropriate action.   Each signer is bound severally for the sum set opposite to his name.   A joint action on the bond cannot be maintained, but each surety may be sued *separately* for the sum set opposite to his name, and recovery had, upon proper proof, for said sum, to be discharged upon payment of the damages assessed.   The bond should be treated as the bond of each surety, in a penalty equal to the amount set opposite to his name, and recovery had accordingly, if plaintiff shows himself entitled to recover.   The bond was in blank as to the date of its execution.   The declaration supplied this by averment, and the bond could not properly have been excluded on this ground.   Being in blank, it was competent to show the time of its *delivery*, from which date it took effect.   If plaintiff, *during the trial*, had proposed to dismiss his action as to Millsaps or Haskins, and to conform his declaration to the proof, it would have been error in the court to refuse to allow it.   Code, §§ 621, 623.   But it appears from the bill of exceptions that, upon the exclusion of the bond, " the defendants had judgment."   Afterwards, but before the judgment

was entered on the minutes, the motion was made to set aside the judgment, with a view to dismiss, etc. If the case had been submitted to a jury it would have been too late, after the verdict, to amend as proposed, and we think the finding by the judge may in this respect be likened to a verdict. At all events, whether the judge might properly have entertained and granted the motion or not, under the circumstances we do not consider it proper to disturb his action upon it.

The judgment is affirmed.