## SCHAFFER v. DEEMER MANUFACTURING COMPANY.

[66 South. 736.]

1. MASTER AND SERVANT. *Action for injuries. Questions for jury. Dismissal and nonsuit. Time for taking.*

Where plaintiff brought suit for personal injuries sustained while assisting as an employee in loading logs upon one of defendant's logging trains by the falling of a tree upon him, and the evidence failed to show that the tree was cut by any one of the defendant's employees or that defendant was in any way responsible therefor, but only showed that some of defendant's employees were cutting timber in the vicinity of the accident a short time afterwards, a peremptory instruction for the defendant should have been given.

2. DISMISSAL AND NONSUIT. *Voluntary nonsuit. Time of taking.*

Under Code 1906, section 802, providing that every plaintiff desiring to suffer a nonsuit on trial shall be barred therefrom unless he do so before the jury retire to consider of its verdict, a plaintiff cannot take a nonsuit after the court has granted a peremptory instruction for the defendant as when such an instruction is granted the cause stands as though it had been submitted to a jury and a verdict had been returned.

3. SAME.

A request for a peremptory instruction presents an issue of law, to be tried by the judge, and the common-law rule forbidding a nonsuit after the judge has pronounced his judgment would in such case preclude plaintiff from taking a nonsuit.

4. TRIAL. *Taking case from jury. Peremptory instruction. Effect.*

Where a peremptory instruction is granted, it is not necessary for the jury to actually retire and find the verdict directed, the court should simply render judgment, as if upon verdict found.

108 Miss. 17

APPEAL from the circuit court of Neshoba county. HON. C. J. DOBBS, Judge.

Suit by Eddie Schaffer by his next friend, Moses Schaffer, against the Deemer Manufacturing Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Robert S. Hall,* for appellant.

We submit to the court that taking this entire record and the circumstances of this boy's injuries into consideration it is a case warranting the invoking of the doctrine of *res ipsa loquitur. M. J. K. C. R. R. Co.* v. *Mary Hicks et al.,* 91 Miss. 273; *A. & V. R. R. Co.* v. *Groome,* 97 Miss. 201.

We submit that the refusal of the trial court to submit this case to the jury, or in granting the peremptory instructions asked for by the defendant is serious error, and for which error we respectfully ask the case to be reversed.

After the motion found on page 83 for peremptory instructions was presented to the court by the defendant, the case, as the court will note, was re-opened by permission of the trial court, and on page 86, after taking additional testimony, and the trial court having manifested its intention of giving the defendant a peremptory instruction plaintiff's attorney in open court, as will be seen from the record, asked the trial court to permit the plaintiff to take a nonsuit after expressing to the trial court that plaintiff's attorney did not agree with his honor in his opinion as to the peremptory instruction, but the motion for nonsuit was denied and the peremptory instruction granted; and this act of the trial court is the second ground for the assignment of error in this case.

It has always been our understanding of the law that a nonsuit can be had before the jury retires for the consideration of its verdict; in fact section 802 of the Code

of 1906, so provides; and the records shows that this motion was made before the rendition of any verdict by the jury, made immediately after the close of the plaintiff's testimony. And for this serious error of the trial court counsel for appellant submit that the case should be reversed.

*Wells, May & Sanders,* for appellee.

It is insisted by counsel for appellant that section 802, Code of 1906, was violated by the action of the court in refusing a nonsuit. Said section reads as follows: "Every plaintiff desiring to suffer a nonsuit on trial shall be barred therefrom unless he does so before the jury retire to consider of its verdict."

Under the facts disclosed by the record in this case, that statute cannot avail appellant, for the reason that the case was withdrawn from the consideration of the jury. There was no verdict for the jury "to consider of." Intervention of the jury was peremptorily dispensed with. Even though the jury might go through the perfunctory performance of retiring and returning a verdict, they would have no voice as to the kind of verdict to render, having been stripped of their discretion and power by the exercise of the lawful right conferred upon the trial judge. Our court, speaking through Campbell, C. J., in the case of *Mississippi & Yazoo River Packet Co. et al.* v. *Charles J. Edwards,* 62 Miss. 536, says: "The only evidence of the defendant (appellant) was so plainly insufficient to sustain a verdict in favor of defendant if rendered, that the court properly excluded the evidence. This practice is to be commended in cases in which it is manifest that a verdict resting upon the evidence proposed to be excluded could not stand. The power to exclude should be cautiously exercised, but in plain cases of insufficiency of evidence, accepted as absolutely true, to maintain an issue, there should be no hesitation to employ it. It saves time and the useless intervention of a jury."

Thus it will be noted that counsel should have applied to the trial court for his nonsuit before the judgment upon the motion was pronounced. He could not speculate with the court until his case was lost and then save his right to further speculate with the court and further harass defendant by reclaiming his right to file another suit. The announcement of the court was the equivalent of a jury verdict, as far as the disposition of plaintiff's case was concerned.

We will not undertake to discuss the evidence in the record, which the trial court held was insufficient to carry plaintiff's case to the jury, for this court will inevitably be impressed with the fact in reviewing the testimony that there is no evidence tending to establish plaintiff's claim, that is actionable negligence on the part of the defendant which was the proximate or contributing cause to the plaintiff's injuries.

SMITH, C. J., delivered the opinion of the court.

This suit was filed in the court below to recover of the Deemer Manufacturing Company, a corporation engaged in the sawmill business, damages for injuries alleged to have been sustained by the plaintiff while in the employ of the defendant, by reason of the negligence of one of its servants. The plaintiff, on the occasion in question, was assisting in loading logs upon one of the defendants' logging trains, and while so engaged a tree, cut by some one near where the plaintiff was standing, fell on him and broke his leg. At the close of the plaintiff's evidence the court, on motion of the defendant, excluded it from the jury, and granted the defendant a peremptory instruction. The court committed no error in excluding this evidence and in granting this instruction, for the reason that plaintiff's evidence wholly failed to show that the tree was cut by anyone in defendant's employ, or that the defendant was in any way responsible therefor; all that the evidence disclosed with reference thereto

being that some of the defendant's employees were cutting timber in that vicinity shortly after plaintiff was injured.

After the court had granted this instruction, the plaintiff requested the court to permit him to suffer a nonsuit, which request the court declined to grant, and committed no error in so doing. Under the early common law a plaintiff had a right to suffer a nonsuit at any time before judgment; but this rule was changed during the reign of Henry IV, A. D. 1400, by a statute providing that a plaintiff should not be nonsuited after verdict. 14 Cyc. 400; *Washburn* v. *Allen,* 77 Me. 352. This seems still to be the rule in England, or at least was in 1852, when the case of *Outhwaite* v. *Hudson,* 7 Exchequer, 380, was decided, for the court therein said that:

"The plaintiff's power of demanding to be nonsuited continued to the last moment—until the jury had given their verdict, or where the case is tried by a judge without the intervention of a jury until the judge had pronounced his judgment."

With us, however, this rule seems not to have been generally followed, for it was held by the courts of several states:

"That the plaintiff, before opening his case to the jury, or to the court, when tried before the court without the intervention of a jury, may become nonsuit as a matter of right; after the case is opened, and before verdict, leave to become nonsuit is within the discretion of the court; after verdict, there can be no nonsuit." *Washburn* v. *Allen,* 77 Me. 344; 6 Ency. Pl. & Pr. 836.

This uncertainty as to what the rule in this matter with us at common law is probably brought about the enactment of the statute which now constitutes section 802 of the Code of 1906, which provides that:

"Every plaintiff desiring to suffer a nonsuit on trial shall be barred therefrom unless he do so before the jury retire to consider of its verdict."

Under this statute, had this cause been submitted to a jury, plaintiff, of course, would not have been entitled to a nonsuit after verdict.

When a peremptory instruction has been granted, the cause stands in the attitude that it would have, had it been submitted to a jury and a verdict returned; for, where a peremptory instruction is granted, it is not necessary for the court to go "through the useless formality of having the jury to retire and actually find the verdict directed; but the court should simply" render "judgment as if upon verdict found." *Hairston* v. *Montgomery,* 102 Miss. 364; 59 So. 793. To require a jury, under such circumstances, to retire and actually find the verdict, when no discretion had been left to it in the matter "would be," as was said in *Bee Building Co.* v. *Dalton,* 68 Neb. 38, 93 N. W. 930, 4 Ann. Cas. 508, "as useless and idle," and almost as absurd, as the archaic practice of withdrawing a juror in order to secure a continuance." Moreover, a request for a peremptory instruction presents an issue of law to be tried by the judge without the intervention of a jury, and therefore comes within the rule of the common law hereinbefore set forth, which prevents a nonsuit after "the judge has pronounced his judgment." In the language of the court in *Bee Building Co.* v. *Dalton, supra:*

"To permit a party to dismiss under such circumstances is, in substance, to grant him a new trial after he has been fairly defeated, and to deprive his adversary of the fruits of a fairly won victory. It is contrary to good sense and sound policy to allow a party to take his case from one court to another until fortune favors him with a judge who is willing to accept his view of the law or his construction of the evidence. 'Such a mode of proceeding would,' as was said in *Conner* v. *Drake,* 1 Ohio St. 166, 170, 'be trifling with the court as well as with the rights of defendants.' One who is defending against a claim which he believes to be unjust ought not to be

subjected to the expense of litigation which settles nothing. And since he is not permitted to choose another forum when it is discovered that the court is against him, it is manifestly unfair to give the plaintiff an unlimited freedom of choice.''

The case of *State* v. *Powers,* 52 Miss. 198, while not directly in point, is not without value in this connection. In *Washburn* v. *Allen, supra,* a most interesting review of the history of the common-law rule upon this subject may be found.

There is a line of cases which would authorize a plaintiff to demand to be nonsuited, even after the granting of a peremptory instruction; but an examination of them will disclose that they were decided upon the theory that it was necessary for the jury to formally return the verdict directed before it could be entered. Among these cases are *Oppenheimer* v. *Elmore,* 109 Iowa, 196, 80 N. W. 307; *Vertrees* v. *Newport News Co.,* 95 Ky. 314, 25 S. W. 1; *Chicago, etc., Ry. Co.* v. *Metalstaff,* 101 Fed. 769, 41 C. C. A. 669; *Gassman* v. *Jarvis* (C. C.), 94 Fed. 603.

*Affirmed.*