GULF & SHIP ISLAND RAILROAD CO. v. WILLIAMS.

[68 South. 776.]

1. JUDGMENT. *Nonsuit. Nature of judgment. Dismissal. Time for voluntary nonsuit. Appeal and error. Decisions appealable. Final judgment.*

Under the facts as shown in the opinion in this case the judgment entered in the court below was one of nonsuit.

2. DISMISSAL AND NONSUIT. *Time for voluntary nonsuit.*

Under Code 1906, section 802, providing that every plaintiff desiring to suffer a nonsuit shall be barred therefrom unless he do so before the jury retires to consider its verdict and section 803, providing that plaintiff may suffer a nonsuit or dismiss a cause in vacation, where the the circuit judge on the trial of a case had announced his intention to grant a peremptory instruction for the defendant, which would have been proper under the state of the record at that time, but no written instruction, the sole method by which a judge can instruct the jury had been given, it was within the discretion of the judge to refuse to give such instruction and on plaintiff's motion to grant a nonsuit.

3. APPEAL AND ERROR. *Decisions appealable. Final judgment.*

A voluntary dismissal or nonsuit by plaintiff after defendant had moved for a peremptory instruction and the court had indicated its intention of giving such instruction but did not do so, was not a "final judgment" within Code 1906, section 33, providing that an appeal may be taken to the supreme court from any final judgment and in such case an appeal by defendant would not lie.

APPEAL from the circuit court of Lamar county.
HON. A. E. WEATHERSBY, Judge.

Suit by Jonnie Williams against the Gulf & Ship Island Railroad Company. From a judgment for plaintiff, defendant appeals. Motion to dismiss appeal sustained.

The facts are fully stated in the opinion of the court.

*J. W. Cassidy, Salter & Hathorn* and *Currie & Currie*, for the motion.

STEVENS, J., delivered the opinion of the court.

Appellee moves the court to dismiss the appeal in this case because "the record in said case shows affirmatively that a nonsuit was granted the plaintiff and there is no final judgment in the case from which an appeal could be prosecuted."

Appellee sued appellant company in the circuit court of Lamar county, in an action of tort, and after testimony had been introduced for both parties appellant asked for a peremptory instruction. What was then done can best be stated in the language of the trial judge, as contained in the record:

"At the conclusion of the testimony for both sides in this case the defendant asked for a peremptory instruction, and thereupon the judge, together with the attorneys for both sides, repaired to one of the jury rooms in the courthouse, leaving the jurors in their seats, and the court announced that he was going to give a peremptory instruction for the defendant. And thereupon Hon. J. W. Cassidy, of counsel for plaintiff, stated to the court that he would like to be heard on the proposition. To which the court assented, and then after the argument of counsel for the plaintiff the court announced his determination to grant the defendant a peremptory instruction, when Mr. N. T. Currie asked the court to suspend a moment, and retired to the courtroom with his associate, Hon. J. W. Cassidy, announcing that the plaintiff desired to take a nonsuit. To this the defendant objected because of the fact that the court had already announced that he would grant the defendant a peremptory instruction. . . . But no instruction to the jury had been granted or marked 'Given' when the request was made to take a nonsuit. That when counsel for plaintiff asked to take a judgment of nonsuit the court had in his lap wrapped around a hymn book a peremptory instruction prepared by the counsel for the defendant, but which he had declined to sign, and had not signed at that time. The court therefore declines to give the peremptory instruction, and grant the plaintiff a nonsuit."

It is further reflected by the record that counsel for appellant objected to the granting of the nonsuit be-

cause this was the second time' this action had been
filed against appellant; appellee having taken a non-
suit once before in Smith county. The record does
not disclose why the nonsuit was asked for or suffered
in Smith county. Thereupon judgment was entered,
the material recitals of which are as follows:

"The evidence being submitted both by and for
plaintiff and defendant, thereupon defendant moves the
court to peremptorily instruct the jury to find for the
defendant, which motion was by the court sustained, but
on application of plaintiff the court revoked the said
motion, and over the objections of defendant permitted
plaintiff to take a nonsuit, to which action of the court
defendant then and there excepted and still excepts,
and thereupon an appeal to the supreme court was
granted with a *supersedeas,* . . . It is further or-
dered that defendant do have and recover of and from
the plaintiff, Mrs. Tommie Williams, J. W. Cassidy, D.
T. Currie, and N. T. Currie the sureties on her bond, all
costs incurred in said cause, not exceeding the penalty
of the bond, for all of which execution may issue."

The record discloses an additional judgment entered
on the minutes of the same day, as follows:

"The above cause this day coming on for hearing,
and on motion of plaintiff a nonsuit was granted, and
plaintiff allowed to withdraw her suit without preju-
dice to her right to bring another suit; all costs in
this behalf expended to be taxed against the said
plaintiff and the sureties on her bond, for all of which
let execution issue."

An appeal with *supersedeas* was duly prayed for and
perfected by appellant and the question squarely pre-
sented for our decision is whether the judgment of the
lower court is a final judgment, within the meaning of
section 33 of the Code of 1906, and therefore one from
which an appeal can be prosecuted. If the judgment is
not one embraced by the statute, then it follows that

this court would have no jurisdiction of the case on appeal. A careful inspection of the record convinces us that the order of the trial court was a plain judgment of "nonsuit." For the purposes of this opinion, what transpired in the course of the trial, leading up to and inducing plaintiff in the court below to move for and have granted a nonsuit, is of little consequence.

Conceding, for the present, that the circuit judge did announce his intention of granting a peremptory instruction for and on behalf of appellant, and, further, that under the state of the record as it then existed, such ruling by the trial judge would have been proper, it yet remains that the written instruction, the sole method by which a judge can instruct the jury, was not given, and that the circuit judge, upon motion of appellee for a nonsuit, refused to carry into execution his announced intention to dispose of the case by such peremptory charge, and proceeded to grant the nonsuit. In this instance it is certainly true that "actions speak louder than words," especially "talk" between the trial judge and the lawyers engaged in the trial.

The granting of a nonsuit was a matter addressed to the discretion of the trial judge. It must be remembered that the court granting the dismissal of this case had original jurisdiction of the parties and the subject-matter, and that all matters of procedure must be decided by it.

No error can be complained of until after the case had proceeded to the "final judgment" contemplated by the statute, and an appeal therefrom to this court, and the final judgment embraced within the true intent and meaning of section 33 of the Code does not, in our judgment, embrace the voluntary dismissal or nonsuit by the plaintiff.

Our court in its early history held that a writ of error does not lie from a judgment on a voluntary non-

suit to examine the ruling of the court which caused such nonsuit to be taken. *Ewing* v. *Glidwell,* 3 How. 322, 34 Am. Dec. 96; *Copeland* v. *Mears,* 2 Smedes & M. 519; *Thornton* v. *Demoss,* 5 Smedes & M. 609; *Greenlee* y. *McCoy,* 30 Miss. 588.

It has always been the uniform holding:

"That a writ of error would not lie, when exceptions are taken to a judgment granting a new trial, until after the new trial has been had, and the final judgment rendered." *Bank* v. *Taylor,* 2 Smedes & M. 27-; *Terry* v. *Robins,* 5 Smedes & M. 291; *Moody.* v. *State,* 13 Smedes & M. 642; *Brown* v. *Carraway,* 47 Miss. 668; *Haise* v. *Lorch,* 47 Miss. 685; *Y. & M. V. R. R. Co.* v. *Reid,* 90 Miss. 616, 43 So. 952.

The court in the last case declined to entertain jurisdiction, because section 4910, Code of 1906, was held to be unconstitutional, and therefore that the rights of appellant in that case were measured solely by section 33 of the Code of 1906.

In *Barrier* v. *Kelly,* 81 Miss. 266, 32 So. 999, Judge CALHOUN, in dismissing the appeal, says:

"In order that a decree may be appealed from, it must be final as to its subject."

We are conscious of the fact that the appeals attempted to be prosecuted from the judgments based on a voluntary nonsuit in the earlier cases in Mississippi have all been prosecuted, so far as we have noted, by the plaintiff in the court below, who was induced to take a nonsuit by some adverse rulings of the court, and the doctrine of estoppel has been frequently applied against the appellant in such cases. At the same time a plain judgment of nonsuit cannot be appealed from by the defendant in the action, because in the eye of the law such a judgment is not adverse to the defendant; under it costs are adjudged against the plaintiff, and there is no damage to the defendant cognizable by the law.

If the court has the inherent authority to set aside a verdict of the jury and grant the plaintiff a new trial, certainly the trial judge, with all the facts and circumstances before him, should be accorded the right to grant a nonsuit, and, in fact, section 803 of the Code of 1906 gives to every plaintiff the absolute right to suffer a nonsuit in vacation, and section 802 recognizes the right of the plaintiff to dismiss the suit in the course of the trial, provided "he do so before the jury retire to consider their verdict." This case is distinguished from the case of *Schaffer* v. *Deemer Mfg. Co.,* 66 So. 736. In the last-named case the peremptory instruction had, in fact, been granted.

As to the wisdom of the law in investing the trial judge with the power to grant the nonsuit, under circumstances disclosed by this record, we have nothing to do. We merely construe section 33 of the Code. As was well said in *Gray et al.* v. *Ward,* 234 Mo. 291, 136 S. W. 405:

"We are not unmindful of the injustice to defendant which arises from permitting plaintiff Tillery to bring this suit and prosecute it to a point where it became apparent that a judgment would be given against her, and then, by taking a voluntary nonsuit, reserve the right to bring another action against defendant, or force him to bring an action against her in order to quiet his title, but the legislature has failed to provide any remedy for abuses of this kind, and, until it does so, we are forced to construe the law as we find it."

In the case of *Bostwick* v. *Brinkerhoff,* 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73, the court, through its Chief Justice, said:

"The rule is well settled and of long standing that a judgment or decree, to be final, within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeals and writs of error, must terminate the litigation between the parties on the

merits of the case, so that, if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered''—citing authorities.

Likewise, in the case of *State* v. *Superior Court;* in the supreme court of Washington, 71 Wash. 354, 128 Pac. 648, the court say:

"The test question is: Has the litigation between the parties on the merits of the case terminated? The words of the supreme court of the United States, in *Mower* v. *Fletcher,* 114 U. S. 127, 5 Sup. Ct. 799, 29 L. Ed. 117, are singularly apt. It describes a final judgment as one which terminates the litigation between the parties on the merits of the case: '. . . So that, if there should be an affirmance here, the court below would have nothing to do but to execute the judgment it had already rendered. *Bostwick* v. *Brinkerhoff,* 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73, and the numerous cases there cited.' "

In the case of *Wilson & Gray* v. *May Pants Co.,* 37 So. 813, the defendants plead *res adjudicata,* and TRULY, J., speaking for the court, says:

"The plea of *res adjudicata* filed by appellants was properly overruled. The first suit filed by appellee against appellants was dismissed for the reason, as the judgment stated, that the account sued on was 'not itemized as the law directs.' The suit was never decided upon its merits, but was, on the motion of the defendants, . . . dismissed without prejudice. . . . This in no sense can be considered a final adjudication of the issue between the parties."

In the case of *Doudell* v. *Shoo,* 159 Cal. 448, 114 Pac. 579, it is said by the court that:

"A judgment is final 'when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce, by execution, what has been determined' "—citing authorities.

In the present case there is nothing to execute upon affirmance, and nothing that could be done by the court below to be superseded by appeal. In the absence of a statute granting the right of appeal in a case of this kind, we are compelled to hold that this court has no jurisdiction of the case, and the motion to dismiss is accordingly sustained.

SMITH, C. J. (dissenting),

While the judgment appealed from is not *res judicata* of appellee's cause of action, it is certainly. final, for it ends this case, and, if appellant's rights are pre-judiced thereby, he has, in my judgment, the right of appeal under section 33 of the Code.

The Ewing, Copeland, Thornton, and Greenlee Cases cited in the opinion in chief are not in point; for the ground upon which each one of them was decided was not that the judgments appealed from were not final, but that the nonsuits had been voluntarily entered by the appellants, and therefore could not be complained of by them. Neither are the Bank, Terry, Moody, Brown, Haise, and Y. & M. V. R. R. Co. Cases cited in that opinion in point; for, of course, a judgment awarding a new trial cannot be said, in this connection, to be final, for it leaves the case still pending.

If the course which has heretofore been pursued by appellee in this case is to be continued, and unless this appeal is allowed this court is without power to say whether or not it shall be continued, this appellant will be kept in court indefinitely, or until appellee finds a judge willing to take his view of the matter, for it appears from the record that appellee first instituted a suit on the cause of action here involved in Smith county; that he afterwards entered a voluntary nonsuit therein, and then sued in the county of Lamar, in which county the judgment appealed from was ren-

dered, and it was admitted at the bar by counsel for appellee that when the nonsuit appealed from was entered a new suit was filed by him in the county of Forest, which suit is now pending.

Appellant's claim to a reversal of the judgment appealed from and the rendition here of the judgment which the court below should have rendered is based upon the case of *Schaffer* v. *Deemer Mfg. Co.,* 66 So. 736, and I think it has the right to have this court pass upon it.

*Reversed.*