### EDWARDS *v.* YAZOO & M. V. R. Co.  ·

[73 ·South. 789, Division B.]

1. **JUDGMENT.** *Nunc pro tunc. Power to ·enter. Conflicting with former judgment.*
   When the court under Code 1906, section 802, so providing, after announcing his intention to give a peremptory instruction for the defendant, allowed plaintiff to take a voluntary nonsuit, and such judgment was duly entered, the court could not at a subsequent term render a judgment *nunc pro tunc*, in direct conflict with the one first entered, when no clerical· error was shown.

2. **SAME.**
   Under Code 1906, section 802, so providing it ,was proper for the court to allow ·the ·plaintiff to take a voluntary nonsuit, where done before the jury retired, even though the court had previously announced its intention to grant a peremptory instruction for ,the defendant.

3. **TRIAL.** *Peremptory instruction. Consideration by the jury.*
   While it is not necessary for the jury to actually retire to consider a peremptory instruction, still before the law is actually· given in charge to the jury the whole law of the case is within the breast of the· trial judge and under his control.

APPEAL from the circuit court of Quitman county.
HON. T. B. WATKINS, Judge.

Consolidated action by Mrs. B. F. Edwards against the Yazoo & Mississippi Valley Railroad Company. From a judgment for defendant, plaintiff appeals.

The two cases above styled involve the same cause of action, and were argued and submitted together. In each case Mrs. Edwards, the appellant, was plaintiff in the court below, and we shall refer to the suits as the first suit and. the second suit regardless of their numbers on the docket. In the first action the plaintiff, as the mother, sued appellee for the death of her· son,. Asa B. Edwards, who .was run· over ·by .one of the freight trains of appellee June 9, 1912, a short distance north of Lula in Tunica county. In the first suit issue was joined and a trial had; but after both sides had concluded the taking of testimony, a nonsuit was

granted the plaintiff, under the conditions hereinafter stated. After the testimony was in, appellee, as defendant, asked for a peremptory instruction. This instruction by agreement was argued before the trial judge in the office of Mack & Donalson, attorneys for the plaintiff, and in one of the rooms of the courthouse where the case was being tried. The argument was had about noon, and after it was concluded the trial judge announced his intention to give the instruction, and wrote upon the written instruction with a pencil the word "Given." It was then taken by one of the attorneys for the defendant and handed to the clerk, and was by the clerk marked "Given and filed." When the court reconvened after the noon hour, and while the jury was still out in the jury room, the court made some statement to counsel for plaintiff about submitting the case to the jury, and thereupon counsel for plaintiff asked leave of the court to take a nonsuit. At the time this motion for a nonsuit was made the jury was not in the box, and of course had not retired to consider their verdict. The trial judge had just ascended the bench on reconvening the court, and the application for a nonsuit was the first matter presented to the court after the court had reconvened. Counsel for the defendant resisted the motion for a nonsuit, but after a discussion thereof, the court sustained the motion and gave the following judgment which was duly entered upon the minutes of the court:

"This day this cause came on to be heard, all parties being present, when came a jury of good and lawful men, and after the introduction of all the testimony and argument of counsel, and after the instructions of the court had been given, but before the jury had retired, the plaintiff in open court, took a voluntary nonsuit. Be it therefore ordered and adjudged that this cause be dismissed without prejudice; and that plaintiff pay all costs in this behalf expended. June 26, 1913."

This was the only judgment entered in the first suit at the June, 1913, term. At the December, 1914, term the attorneys for the defendant asked the court for what they termed a judgment *nunc pro tunc* in favor of the defendant, and based upon the peremptory instruction whch they alleged was given by the court at the June, 1913, term. At the time this motion was made there had been a change in the personnel of the bench, and the trial judge then sitting heard and sustained the motion, and accordingly the following judgment was entered in said cause, to wit:

"This cause came on this day to be heard by the court upon the motion of the defendant, filed herein, to now enter herein a judgment of this court for the defendant upon the peremptory instruction given by this court to the jury at the June term of this court, 1913, to return a verdict for the defendant, and that said judgment be now entered for the defendant, and that said judgment be now entered for then, the said June term, 1913, of this court. And the court, having fully heard and considered said motion and the argument of counsel both for the plaintiff and the defendant thereon, and being fully advised in the premises, doth order that said motion be and the same is hereby sustained; and it appearing to the court from the record in this case at that the June term, 1913, of this court this cause came on for trial upon the issues joined herein, and both parties appearing by attorneys and announcing ready for trial, and thereupon came a jury of good and lawful men, citizens of Quitman county, Miss., to wit, Elias Hardin and eleven others, who after being first duly elected, impaneled and sworn, and who after having heard all of the evidence introduced by either party and having received a peremptory instruction of the court to find their verdict for the defendant; returned into open court the following verdict: 'We the jury find for the defendant'—it is therefore now ordered and adjudged

by the court that the plaintiff take nothing by this
her suit, .and that the defendant is not liable on ac-
count of . the wrongs and injuries complained of by
said plaintiff in. her declaration, and .is not guilty of
said wrongs and injuries, and that said defendant
do . go hence· without cost, and that plaintiff pay all
cost of this cause and for which let execution issue.
It is. further ordered by the court that the above and
foregoing judgment be now entered by the clerk of
this court on the minutes of this court as of and
for the 24th day of June, 1913, the same being one of
the regular June term, 1913, of this court, and on which
day the peremptory instruction to the jury above
mentioned was given, and which date this judgment
should .have been entered, and that it be now entered
for then as a.part of the record in this case.''

From. the rendition of this judgment *nunc pro tunc*
plaintiff ·appeals. .

After the first suit was dismissed without prejudice,
and on August 12, 1913, appellant, as plaintiff, filed
the second suit on .the same cause of action. · There was
a plea of *res adjudicata* filed by the defendant to this
second declaration. A demurrer · was interposed by
the plaintiff to the plea,· and the demurrer was by the
court sustained. Thereupon the defendant filed the
general issue with notice of special matter thereunder,
but after. counsel for appellee had succeeded in ob-
taining ·the ,so-called judgment *nunc pro tunc* at the
December, 1914, term in the first action, they then asked
leave of the court to withdraw the, general issue plea
in the second action, and again filed a plea of *res
adjudicata,*· in which .they set up and pleaded the
second judgment of the court rendered in the first suit
as a bar to the second suit. · The plaintiff filed a
replication to the defendant's plea of *res adjudicata,*
to which the defendant demurred, and the court
thereupon sustained the demurrer of the defendant
to the replication of the plaintiff, and, the plain-

tiff in open court declining to plead further, judgment final was entered in favor of the defendant, sustaining the defendant's plea of *res adjudicata* and taxing plaintiff with the costs. From this judgment so entered in the second suit appellant appeals.

*Mack & Donaldson* and *P. H. Lowery,* for appellant.

*Montgomery & St. John Waddell;* for appellee.

STEVENS, J., delivered the opinion of the court.

(After stating the facts as above). The judgment rendered by the trial court in each of the two suits here argued and submitted together must be reversed. The first action filed by appellant was by a solemn judgment of the court dismissed without prejudice, and the court, after the rendition of this judgment, adjourned for the term. The judgment designated by counsel as a judgment *nunc pro tunc* was entered at a subsequent term, and shows upon its face that it is not in fact the rendition of the judgment which the court had, by inadvertence or otherwise, failed to enter, but is the substitution of a judgment in direct conflict with that previously entered. The court by the second judgment undertakes to reverse the ruling of the trial judge who granted the plaintiff a nonsuit and who entered upon the minutes of the court a judgment of nonsuit in due form. The court was not confronted with a situation where no judgment at all had been entered, or even a situation where there was a clerical error or mistake appearing upon the face of the record. The circuit court in entering this judgment *nunc pro tunc* undertakes to review and pass upon the propriety of its former rulings made and entered at a previous term, and in reference to a case over which it no longer had jurisdiction. We are constrained to hold, therefore, that the second judgment entered in the first suit does not possess the es-

sential characteristics of a judgment *nunc pro tunc,* and was and is a nullity. The court had no jurisdiction to render such judgment. The judgment first entered must speak for itself, and it shows conclusively that the plaintiff was granted a nonsuit, and the fact that the court did grant a nonsuit is not disputed by counsel for appellee. The record shows that counsel for the defendant strenuously ' objected to the entry of this judgment of nonsuit and that the judgment was entered against their protest. There is accordingly no mistake about the intention of the court to grant such judgment.

More than this, we see no impropriety or error on the part of the trial judge in allowing the plaintiff to take a nonsuit under the circumstances disclosed by the record. It is admitted by counsel that the application for a judgment *nunc pro tunc* was based upon the decision of this court in *Schaffer* v. *Deemer Mfg. Co.,* 108 Miss. 257, 66 So. 736, which was not before the trial court when the first judgment was entered. The question presented for decision in that case was whether or not the trial judge erred in declining to allow the plaintiff to take a nonsuit after he had granted a peremptory instruction in favor of the defendant. The decision of the one and only point at issue in that case was correct. We do not construe the decision as holding that the circuit judge, after announcing his intention to grant a peremptory instruction for the defendant, or even after marking the written instruction, "Given," could not change his opinion or ruling and withdraw the instruction or grant the plaintiff a nonsuit, provided always this is done "before the jury retire to consider of its verdict" in accordance with the express provisions of section 802 of our present Code. The court did decide in the Schaffer Case, and correctly so, that it is not necessary for the jury actually to retire to the jury room to consider a peremptory instruction. Certain it is, however,

that before the law is given in charge to the jury, the whole law of the case is within the breast of the trial judge and under his control. It was never the purpose of the law to take snap judgment against a litigant, and for this cause section 802 expressly recognizes the right of every plaintiff to suffer a nonsuit before the jury retire to consider of its verdict. This was expressly recognized by this court in *G. & S. I. R. R. Co.* v. *Williams,* 109 Miss. 429, 69 So. 215. We tried to make this point clear on the suggestion of error in that case. The court, therefore, did not err in granting the judgment of nonsuit reflected by the record in the first case now before us.

What we have said disposes of the contentions in the second action. It necessarily follows that the second suit was an action properly brought and pending, and should have proceeded to a trial upon the merits. The sustaining of appellee's plea or *res adjudicata* constitutes error for which this cause also must be reversed. Appellant in appealing the first suit challenges the court's ruling in granting the peremptory instruction, and counsel for both sides have argued the facts and merits of the case. Our views on the law questions presented render it unnecessary to comment upon the facts.

The judgment in the suit first prosecuted, being here No. 18705, will be reversed, and judgment entered here in favor of appellant upholding the judgment of nonsuit. The judgment in cause No. 18703 will be reversed and remanded for trial upon the merits.

                         *Reversed and remanded.*