GOOCH v. COLEMAN.*

(Division A. June 21, 1926. Suggestion of Error Overruled July 12, 1926.)

[109 So. 18.   No. 25679.]

DISMISSAL AND NONSUIT.

Refusal to grant nonsuit after court had announced that peremptory instruction for defendant would be granted *held* not error.

*Corpus Juris-Cyc References: Dismissal and Nonsuit, 18CJ, p. 1156, n. 91.

APPEAL from circuit court of Panola county, First district.

HON. GREEK L. RICE, Judge.

Action by C. M. Gooch against E. P. Coleman. Judgment for defendant, and plaintiff appeals. Affirmed.

*May, Sanders & McLaurin*, for appellant.

At the conclusion of the evidence the jury retired and the defendant's counsel presented and argued to the court a motion to exclude the testimony and for a peremptory instruction for the defendant. The peremptory instruction was laid upon the table in front of the court and when the argument was concluded on the motion, the court indicated that he was in agreement with the defendant's contention; and then, before the instruction was given and while the jury was in retirement pending the argument on the motion, the plaintiff's attorneys moved the court for permission to take a nonsuit. The court refused to permit the plaintiff to take a nonsuit, to which exception was taken; thereupon, the jury returned into court. The peremptory instruction was then given and a judgment rendered for the plaintiff for nominal charges.

In *G. & S. I. R. R. Co.* v. *Williams,* 109 Miss. 549, the court passed upon the exact question here presented. On suggestion of error see 109 Miss. 429. The decision cited leaves no doubt about the law governing the question. But, the point was raised again in a later decision: *Edwards* v. *Railroad,* 112 Miss. 791.

We submit that, in the language of the court, "Section 802 expressly recognizes the right of every plaintiff to suffer a nonsuit before the jury retires to consider of its verdict," and this appellant, the plaintiff, in the court below, in common with all other appellants had that right; and the trial judge "acting with whatever discretion he may have had in the premises" assumed to exercise a discretion which he did not possess and denied to the plaintiff a right which the law gave to him.

We submit, therefore, that it was error for the court to refuse to permit the plaintiff to do that which the statute gave to him as a matter of right and not of grace; and if that was error, it was necessarily error for the court to grant the peremptory instruction to the jury to find for the defendant in nominal damages and error for the court to enter judgment in accordance with such instruction and verdict. We submit that the judgment of the court below should be reversed and judgment of nonsuit entered here.

*Montgomery & McClure,* for appellee.

I. The only assignment of error argued by the appellant is that the trial court erred in not permitting the appellant to take a nonsuit in the case after the defendant had requested and was given a peremptory instruction by the trial court. The appellant in seeking a reversal of this case relies on *G. & S. I. R. R. Co.* v. *Williams,* 109 Miss. 429, 549, and *Edwards* v. *R. R. Co.,* 112 Miss. 429. The facts in each of these cases are easily distinguished from the facts in the case at bar. First, in both of these cases the request for a nonsuit

was granted. In the case at bar the request for a nonsuit was denied. In the cases relied upon by the appellant, the defendant in the lower court appealed the same and the reason assigned for so doing is that the trial judge announced his intention of granting a peremptory instruction but before so granting the same, he permitted a nonsuit to be entered.

In the case at bar, however, the trial judge announced that the peremptory instruction would be given and this before a request for a nonsuit had been made in the case; the peremptory instruction was granted and the judgment of the court was entered up in accordance with the announcement of the law made by the circuit judge. The request for nonsuit was denied. The action of the trial judge speaks for itself. We are, therefore, confronted with a case where the trial judge refused to permit a nonsuit to be entered and not one where a nonsuit was granted.

The argument made by the appellant is completely answered by the rule of law announced by this court in *Shaffer* v. *Deemer Mfg. Co.,* 108 Miss. 736. In *Edwards* v. *Railroad,* 112 Miss. 796, the rule announced in the *Shaffer case, supra,* was affirmed, Chief Justice SMITH saying, "After the judge has pronounced his judgment, to permit a party to dismiss under such circumstances is, in substance, to grant him a new trial after he has been fairly defeated and to deprive his adversary of the fruits of a fairly won victory."

II. The plaintiff waived his rights to a nonsuit in the case. *Woodward* v. *State,* 94 So. 720; *People's Bank in Liquidation et al.* v. *Pennington,* 102 So. (Miss.) 386; *Adams* v. *Commercial Co.,* 113 Miss. 608.

Argued orally by *J. O. S. Sanders,* for appellant, and *James McClure,* for appellee.

COOK, J., delivered the opinion of the court.

This is an appeal from the circuit court of Panola county, and the only assignment of error is based upon the refusal of the trial court to permit the plaintiff to take a nonsuit under the circumstances, which will clearly appear from the following statement of the trial judge which appears in the record:

"When both sides had rested, the defendant counsel announced they had a question of law to be presented and gave to the court the instruction in question. Upon the jury retiring, argument was proceeded with, whereupon, plaintiff's counsel asked time to go to his office and look for further authorities in order to better satisfy himself and the court. That is, if the court had any doubt about the proposition. The court told Mr. Rainwater, counsel in question of plaintiff's counsel, that he most seriously doubted the proposition as advocated by him:

"Whereupon Mr. Rainwater, with associate counsel, went to his office and returned later, within one hour, with some Mississippi Reports and other books, and again presented his side of the case. Without further argument on the part of the defendant, the court announced he was sorry that all of us could not see the law alike:

"Whereupon he announced the instruction would be given. At which time plaintiff's counsel announced in view of the court's holding that he would ask for a non-suit:

"And the court, after considering the matter, is of the opinion that it would be unfair to grant a nonsuit, and acting with whatever discretion he may have in the premises, the nonsuit is denied and the peremptory instruction granted."

From the foregoing statement of the trial judge, it appears that the facts here involved are identically the same as were involved in the case of *Schaffer* v. *Deemer Manufacturing Co.*, 108 Miss. 257, 66 So. 736, in which it was held that it was not error to refuse to grant a non-

suit when the request therefor was first made after the court had announced that a peremptory instruction for the defendant would be granted; and unless the rule announced in the Schaffer case has been modified by the later cases of *Railroad Co.* v. *Williams,* 109 Miss. 429, 549, 68 So. 776, 69 So. 215, and *Edwards* v. *Railroad Co.,* 112 Miss. 791, 73 So. 789, the Schaffer case is controlling here.

In the *Schaffer case, supra,* it is stated that—"At the close of the plaintiff's evidence the court, on motion of the defendant, excluded it from the jury, and granted the defendant a peremptory instruction."

And when this statement is referred to the facts which the court then had before it, we find that the court had only announced that the motion would be sustained and a peremptory instruction granted. No instruction had been actually marked "given" by the court, and, in fact, there is no statute requiring this to be done. The statute does require that instructions shall be marked "given" by the clerk of the court before they are read or given to the jury, but in the Schaffer case it was expressly held that, where a peremptory instruction is granted—"the cause stands in the attitude that it would have, had it been submitted to a jury and a verdict returned; for, where a peremptory instruction is granted, it is not necessary for the court to go 'through the useless formality of having the jury to retire and actually find the verdict directed, but the court should simply' render 'judgment as if upon verdict found.' *Hairston* v. *Montgomery,* 102 Miss. 364, 59 So. 793. To require a jury, under such circumstances, to retire and actually find the verdict, when no discretion had been left to it in the matter, 'would be,' as was said in *Bee Building Co.* v. *Dalton,* 68 Neb. 38, 93 N. W. 930, 4 Ann. Cas. 508, 'as useless and idle, and almost as absurd, as the archaic practice of withdrawing a juror in order to secure a continuance.' Moreover, a request for a peremptory instruction presents an issue of law to be tried by the judge

without the intervention of a jury, and therefore comes within the rule of the common law hereinbefore set forth, which prevents a nonsuit after 'the judge has pronounced his judgment.' "

In the *Williams case, supra,* the facts presented were the same as in the Schaffer case and the case at bar, except that in the Williams case when the plaintiff requested permission to take a nonsuit after the trial judge had announced his determination to grant the defendant a peremptory instruction, the judge then declined to sign or grant the instruction, but granted a nonsuit. On appeal from this judgment of nonsuit, the only point decided was that a judgment of nonsuit is not a final decision from which an appeal will lie; and the court having decided that it was without jurisdiction to entertain the appeal, the views expressed in the main opinion as well as in the opinion on the suggestion of error, upon the right to a nonsuit generally, are necessarily *dicta.* In the main opinion, it is said that the Schaffer case is distinguished from the Williams case on the ground that in the Schaffer case "the peremptory instruction had, in fact, been granted," but this attempted differentiation appears to be based upon a misconception of the facts involved. Up to the time a nonsuit was requested, the action of the court upon the motion to exclude the testimony and grant a peremptory instruction was the same in each of these cases; that is to say, after the argument of counsel on this motion had been concluded, the court announced its decision to grant the peremptory instruction requested. In the Schaffer case the court refused to withdraw the decision and grant the nonsuit requested; while in the Williams case the decision was withdrawn and the nonsuit granted. On suggestion of error in the Williams case, it was said that "a plaintiff, as a matter of right, may suffer a voluntary nonsuit at any time before the jury retires to consider their verdict." This is but the announcement of the statute on the subject, but it can have no application

where the court has dispensed with the "useless formality of having the jury to retire and actually find the verdict directed."

In the *Edwards case, supra,* the trial judge had announced his intention to grant a peremptory instruction, marked the instruction "given," and it had been by the clerk marked "given and filed." The court then expressed an intention to submit the cause to a jury to return a verdict, and thereupon the plaintiff requested a nonsuit. This motion for a nonsuit was resisted by the defendant, but the court granted it, and a judgment of nonsuit was entered. At the succeeding term of court, after there had been a change in the personnel of the bench, the defendant moved the court to enter what they termed a judgment *nunc pro tunc* in favor of the defendant, based upon the peremptory instruction which they alleged was given by the court at the preceding term. This motion was sustained and a judgment for the defendant was entered, and from the rendition of this alleged judgment *nunc pro tunc* an appeal was prosecuted. It was held that in entering this purported judgment *nunc pro tunc* the circuit court undertook to review and pass upon the propriety of its former rulings, made and entered at a previous term and in reference to a case over which it no longer had jurisdiction, and that—"The second judgment entered in the first suit does not possess the essential characteristics of a judgment *nunc pro tunc,* and was and is a nullity."

After having disposed of the case upon the ground above stated, the court proceeded to consider the question of whether or not the trial judge committed error in allowing the plaintiff to take a nonsuit, and the ruling of the Schaffer case was expressly approved upon the two points therein decided; that is, first, that it is not error to refuse a nonsuit after a motion to exclude the evidence and grant a peremptory instruction has been sustained, and, second, that it is not necessary for the jury to retire to the jury room to consider a peremp-

tory instruction. It was held, however, that after the circuit judge has granted a peremptory instruction he may "change his .opinion or ruling and withdraw the instruction or grant the plaintiff a nonsuit, provided always this is done 'before the jury retire to consider its verdict' in accordance with the express provisions of section 802 of the present Code;" and provided also, we will add, that it be done before the jury is discharged from a consideration of the case where the "useless ceremony of having the jury retire to consider a peremptory instruction" is dispensed with.

After a careful and repeated consideration of the three cases herein discussed, we have reached the conclusion that the Schaffer case has not been overruled or modified, and that the case at bar is ruled by that case in which it was held that it was not error to refuse a nonsuit when it is requested after the court has announced its decision to sustain a motion to exclude the evidence and grant the defendant a peremptory instruction.

*Affirmed.*