KEITH *v.* YAZOO & M. V. R. Co.

(Division B. Jan. 2, 1933.)

[145 So. 227. No. 30323.]

Wynn & Hafter, of Greenville, for appellant.

Percy, Strauss & Kéllner, of Greenville, for appellee.

Argued orally by **Jerome S. Hafter**, for appellant, and by **Ernest Kellner, Jr.**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant filed his declaration in the county court against appellee and another, charging or attempting to charge concurrent negligence on the part of the defendants therein by reason of which appellant averred that he had been damaged, and for which damage he demanded judgment. A demurrer was interposed by the railroad company on the ground that the declaration on its face showed no cause of action against the railroad. This demurrer was sustained on March 14, 1932, and the plaintiff having applied for leave to amend, it was made a part of the order sustaining the demurrer "that said plaintiff have leave within thirty days from the date thereof to amend his declaration."

Within the thirty days and on the convening of the county court on the eleventh day of April, 1932, plaintiff took a nonsuit; the order therefor being in the following words: "E. A. Keith v. Grant Alexander and Yazoo and Miss. Valley Railroad Company, No. 884, Nonsuit." Four days thereafter, and during the said April, 1932, term of the court, plaintiff filed a motion to set aside the order of nonsuit and to permit an amended declaration to be filed, and there was exhibited with the motion the proposed amended declaration. On the same day, to-wit, on April 15, 1932, the railroad company filed its motion for final judgment because of the failure of plaintiff to amend his declaration within the time allowed in the order of March 11, 1932.

These motions were heard together, and an order, styled an order of final judgment, was entered on the 16th April, 1932, overruling the motion of plaintiff to set aside the nonsuit and to permit him to file an amended declaration, and in the same order there was a further recital sustaining the motion of the railroad company for a final judgment, and the order concluded by

adjudging that the railroad company "go hence without day and have and recover of the plaintiff its costs in this behalf expended." It will be observed therefore that we have an attempt at a legal impossibility, namely, the attempt to confirm a previous order entering a nonsuit which dismissed the case without prejudice, and at the same time and in the same order an attempt to deal with the case as still in court, and to dismiss it on its merits. It is argued that the latter course was properly taken, because the amended declaration tendered by plaintiff was also demurrable, and that it was thereby disclosed that it would serve no good purpose to set aside the order of nonsuit and permit the proposed declaration to be filed; hence the court deemed it proper to dispose of the matter as was sought to be done in the order last above mentioned.

It is not required when a plaintiff takes a nonsuit that he shall show, in order to obtain the nonsuit, that he has a meritorious cause of action which he can and will adequately state in a new declaration. For all the court may know or may be required to know, the nonsuit is for the purpose of abandoning the action or suit altogether. Often a nonsuit is taken for the purpose of making a more thorough study of the facts in the light of developments since the action was begun, and even sometimes it is to enable plaintiff to make a more comprehensive study of the applicable law. But whatever the reason for the nonsuit, the plaintiff has a right to take that step at any time before the jury retires to consider of its verdict, section 594, Code 1930, or before the court has finally instructed the jury to return a verdict for the defendant, Schaffer v. Deemer Mfg. Co., 108 Miss. 257, 66 So. 736. A nonsuit may be taken even after the trial judge has announced that he will give a peremptory instruction so long as the action announced has not been finally taken. Gulf & S. I. Railroad Co. v. Williams, 109

Miss. 549, 68 So. 776; Edwards v. Railroad, 112 Miss. 791. 73 So. 789. Applying the same principles, the plaintiff had the right to take a nonsuit in this case after the demurrer was sustained and before the expiration of the time allowed for amendment.

The argument is made, however, that the order of nonsuit hereinabove quoted is insufficient; that simply to recite in the minutes of the court the style and number of the case and follow this with the term "nonsuit" does not constitute the entry of a valid judgment of nonsuit. The term has a well-understood meaning in law, and there would be no occasion to add anything to it, unless it be to adjudge the costs, and this is unnecessary because the statute, section 668, Code 1930, carries the cost "in case of nonsuit," and no order is necessary to do what the statute especially provides. We conclude, therefore, that the judgment of the nonsuit entered on April 11, 1932, was good and valid. The effect of the nonsuit was to put the case out of court without prejudice. It could only be brought back into court by a subsequent order, entered during the term, setting aside and vacating the judgment of nonsuit; and, until thus brought back into court, other or further orders or judgments touching the merits of the case would be of something not before the court, and therefore void. Hence the so-called order of final judgment entered by the court as if in this case on the 16th day of April, 1932, was void, and the appeal from it must be sustained and the said judgment last mentioned reversed and vacated.

Reversed.