HILL *et al. v.* JOHNSON-CONE BRICK Co. *et al.*

(Division B.   Dec. 13, 1937.)

[177 So. 520.   No. 32939.]

306

**Roy Arnold** and **H. W. Hobbs,** both of Jackson, for appellants.

Watkins & Eager, of Jackson, for appellees .

**Ethridge, P. J.,** delivered the opinion of the court.

Appellants, Katie B. Hill and her minor child, brought suit against appellees for the wrongful death of Willie Hill, their husband and father, who was killed by being run over by truck belonging to appellees and driven by John Stimage.

The killing occurred on Partside avenue in the city of Jackson. John Stimage and other employees of appellees were on the truck hauling brick, and were following another vehicle, proceeding south, and the eyes of Stimage were attracted more to the car ahead, and he did not see Willie Hill when he was run over.

There was a good deal of conflict in the evidence as to the position of Willie Hill immediately preceding the injury. A number of negroes employed by the WPA in work around the airport had quit work and were proceeding along the highway, some on the east side and some on the west side thereof, and, according to their testimony, Willie Hill walked on the left going south and the front part of the truck passed him, but he was caught in the double wheels, thrown to the ground, and the truck ran over him. There was other testimony to the effect that Willie Hill was attempting to catch a ride when his foot slipped off the fender and he fell under and

was crushed by the truck. The highway was 30 feet wide, and about 24 feet of it were paved, and there was an excavation on one· side for the purpose of laying pipes.

When appellants' evidence was closed there was a motion by appellees to strike it out and grant a peremptory instruction for appellees which was overruled for the reason that the statutory presumption of negligence was applicable to the then state of the evidence.

Appellees introduced as a witness Margie Hicks, a colored man, who testified that he and Willie Hill were traveling south, and that when the truck passed Willie Hill tried to catch a ride and his foot slipped and he was crushed by the truck. At the conclusion of his evidence, the appellees moved for a peremptory instruction, and the following was said by the court:

"If Margie Hicks were on trial for murder, and the State had made a case dependent upon the presumption of malice from the use of a deadly weapon, it would be sufficient to uphold the State's case, subject to any explanation made by the said Hicks of the actual circumstances. This was held in the case of Weathersby v. State, 165 Miss. 207, 147 So. 481, some years ago, and recently by the Supreme Court in a case about ten days ago. The plaintiffs here rode by the motion to exclude on the statutory presumption arising out of a breach of the statute, which being considered—

"By Mr. Arnold: If your Honor please, we desire to take a non-suit.

"By the Court: I will have to sustain the motion for a peremptory. I do not think it would be well to take a non-suit at this time, or at this stage, so let me finish that statement, please sir—that such prima facie case falls if there is an explanation as to the facts which the presumption has been permitted to supply. The testimony of the witness, Hicks, corroborated, to some extent, by the witness Cooper, furnished the only testimony as to how the accident occurred, and such testi-

mony would have to be the testimony in the case. For that reason, the motion for the peremptory instruction would have to be granted.

"By Mr. Arnold: I had a witness, John Wibby, who was summoned both when the case was originally set for trial, and he was summoned also yesterday. John Wibby was to the rear of the truck and on the left side of the road. Carroll Robinson informed me after the case had been—after dinner—it was after we came back before we rested, that John Wibby was in bed and unable to be here. He had been summoned, and I believe that if we were permitted to take a non-suit, and can present the case to the Court with all of the witnesses, that the plaintiff can have no doubt at the next trial, that we could establish a sufficiently good case to go to the jury absolutely on the question of fact. And I believe, also, that we made the motion before your Honor had made the statement that the peremptory instruction would be granted, and we believe that we should be permitted to take a non-suit in that event.

"By Mr. Eager: I would like for the record to show that no request has been made until this time of this nature, and the court nor anybody else was advised that the witness was sick and for that reason any time was asked, but plaintiffs rested without any exception or objection at all, and then after the defendants rested introduced rebuttal evidence, and did not indicate his intention that he wanted to non-suit until it was apparent from your Honor's opinion, dictated to the stenographer, what the result would be; and under those circumstances, our Court has said it would be too late.

"By Mr. Arnold: We understand that any time before the Court has sustained the peremptory, or ruled on it, that we might ask for a non-suit before there had been a final adjudication.

"By the Court: Let the ruling on that be sustained; we will discharge the jury and I will see. If the plain-

tiff is entitled to a non-suit, of course, he will be allowed to do so. We will investigate that matter.

"And this was all of the proceedings had upon the trial of this cause."

Thereafter the court granted the peremptory in favor of appellees.

The first assignment of error is as to the refusal of the court to grant a nonsuit. Section 802, Code 1906, brought forward as section 594, Code 1930, provides that every person who desires a nonsuit shall be barred therefrom unless he requests such nonsuit before the jury retires to consider its verdict.

It was held in Schaffer v. Deemer Mfg. Co., 108 Miss. 257, 66 So. 736, that, under this section, every plaintiff desiring a nonsuit shall, if same be granted, apply therefor before the jury retires, even after the court has given a peremptory instruction.

In Gulf & S. I. R. Co. v. Williams, 109 Miss. 549, 68 So. 776, it was held under this section that a plaintiff desiring a nonsuit shall be barred therefrom unless he requests it before the jury retires to consider its verdict, although the judge had announced his intention to grant a peremptory instruction. In this same case, on a suggestion of error, 109 Miss. 429, 69 So. 215, it was held that a plaintiff might, as a matter of right, suffer a voluntary nonsuit at any time before the jury retires. In response to this suggestion of error, the court said, "Before the jury retired to consider their verdict in the present case, plaintiff elected to take a nonsuit, and that ended the matter."

In Edwards v. Yazoo & M. V. R. Co., 112 Miss. 791, 73 So. 789, it was held that, under the above-cited section, where the court, after announcing its intention to give a peremptory instruction, allows plaintiff a voluntary nonsuit, could not, at a subsequent term, render a judgment nunc pro tunc in direct conflict with the one entered, no clerical error appearing.

In Payne, Director General of Railroads, v. Stevens et al., 125 Miss. 582, 88 So. 165, it was held that it is proper to grant a peremptory instruction against either party where the evidence justifies it, and that it is a legal privilege of a plaintiff to take a nonsuit at any time before verdict.

In Keith v. Y. & M. V. R. Co., 164 Miss. 566, 145 So. 227, it was held that a plaintiff seeking a nonsuit need not show a meritorious cause of action which he will adequately state in a new declaration. In the course of the opinion, Judge Griffith, speaking for the court, said that, "It is not required when a plaintiff takes a nonsuit that he shall show, in order to obtain the nonsuit, that he has a meritorious cause of action which he can and will adequately state in a new declaration. For all the court may know or may be required to know, the nonsuit is for the purpose of abandoning the action or suit altogether. Often a nonsuit is taken for the purpose of making a more thorough study of the facts in the light of developments since the action was begun, and even sometimes it is to enable plaintiff to make a more comprehensive study of the applicable law. But whatever the reason for the nonsuit the plaintiff has a right to take that step at any time before the jury retires to consider of its verdict, section 594, Code 1930, or before the court has finally instructed the jury to return a verdict for the defendant, Schaffer v. Deemer Mfg. Co., 108 Miss. 257, 66 So. 736. A nonsuit may be taken even after the trial judge has announced that he will give a peremptory instruction so long as the action announced has not been finally taken. G. & S. I. R. R. Co. v. Williams, 109 Miss. 549, 68 So. 776; Edwards v. R. R. Co., 112 Miss. 791, 73 So. 789. Applying the same principles, the plaintiff has the right to take a nonsuit in this case after the demurrer was sustained, and before the expiration of the time allowed for amendment."

In Gooch v. Coleman, 143 Miss. 447, 109 So. 18, it was held that, after an oral announcement that he would grant a peremptory instruction, the court did not have to grant a nonsuit.

Whether there is any conflict in these cited cases, or whether a division of the court may overrule a prior decision, is not now necessary to be considered, because in the case at bar the request for a nonsuit was made prior to the ruling of the court.

It was error, therefore, for the court to refuse the requested nonsuit, and the judgment of the court below will, accordingly, be reversed, and judgment of nonsuit entered here.

Reversed and judgment here.