JOHNS-MANVILLE PRODUCTS CORPORATION *v.* McCLURE.

In Banc.  May 22, 1950.

No. 37354  (46 So. (2d) 538)

Brandon, Brandon, Hornsby & Handy, for appellant.

Jos. E. Brown, and Berger & Callon, for appellee.

244

**Alexander, J.**

At the conclusion of the testimony, appellant, as defendant, moved for a directed verdict in its favor. After the trial judge had indicated an intention to grant the motion, the plaintiff requested, and moved for, a nonsuit. It was granted. The appeal is from the order sustaining the motion.

What happened is shown by the judgment of the trial judge, who stated: "Whereas, after the introduction of all of the testimony and after both the Plaintiff and Defendant had rested the case in the trial of this cause, both the Plaintiff and Defendant requested the Court to give peremptory instructions for them respectively to the Jury, and which instructions in writing were submitted by counsel for the Plaintiff and Defendant in this cause, and after the Court had announced that it would give the Defendant its requested instruction whereby the Court was requested to instruct the Jury to return a verdict herein for the Defendant; the Plaintiff, then, immediately and before the Court had actually written 'Given' on the Defendant's requested peremptory instruction, and before the Jury had actually retired to consider their verdict, requested the Court to permit him to enter a voluntary nonsuit herein, to which the Defendant objected; and whereas, the Court then and thereafter granted the Plaintiff permission to take a voluntary nonsuit."

We are not faced with such situations as were presented in Hill v. Johnson-Cone Brick Co., 180 Miss. 305, 177 So. 520, where nonsuit was denied when requested during the judge's expression of his opinion, nor that in Schaffer v. Deemer Mfg. Co., 108 Miss. 257, 66 So. 736, where the

motion was denied after the judge had "pronounced" his judgment.

This case is one where nonsuit was granted and before the peremptory instruction requested had been given. Under such circumstances no appeal will lie. Gulf & S. I. R. Company v. Williams, 109 Miss. 549, 68 So. 776. The appeal must therefore be dismissed.

Appeal dismissed.