ETHRIDGE, Chief Justice:
This is an appeal from a judgment of nonsuit entered in the Circuit Court of Forrest County in a personal injury suit filed by the appellee, Queener Bell Griffin, against the appellant, Hattiesburg Butane Gas Company, Inc. The two questions presented for decision are whether the judgment of the lower court is appealable as a “final judgment” within the meaning of Mississippi Code 1942 Annotated section 1147 (1956), and if so, whether the trial court committed error in allowing appellee to take a voluntary nonsuit under Mississippi Code 1942 Annotated section '1538 (1956) after it had sustained defendant-appellant’s motion for a directed verdict or peremptory instruction.
We are of the opinion that a judgment of nonsuit is a “final judgment” within the meaning of that term as contemplated by code section 1147, and, therefore, a judgment from which an appeal can be prosecuted to this Court. While it is true that the lower court’s judgment of nonsuit is not res judicata, “it is certainly final, for it ends this case, and, if appellant’s rights are prejudiced thereby, he has * * * the right of appeal * * Gulf & S. I. R. R. v. Williams, 109 Miss. 549, 557, 68 So. 776, 778 (dissenting opinion), suggestion of error overruled, 109 Miss. 429, 69 So. 215 (1915), overruled by Solomon v. Continental Baking Co., 174 Miss. 890, 165 So. 607, 166 So. 376 (1936). See generally 4 Am. Jur.2d Appeal and Error §§ 107, 108 (1962) ; 4 C.J.S. Appeal and Error § 121, at 371-372 (1957). Thus, Johns-Manville Products Corporation v. McClure, 209 Miss. 240, 46 So.2d 538 (1950), which held to the contrary is overruled. The Court in that case based its decision solely upon the authority of Gulf & S. I. R. R. v. Williams, supra. However, it overlooked the fact that the Williams case, which held that a nonsuit judgment was not a final judgment from which an appeal could be taken, had been expressly overruled precisely on that point in Solomon v. Continental Baking Company, 174 Miss. 890, 900, 165 So. 607, 610, 166 So. 376 (1936).
Mississippi Code 1942 Annotated section 1538 (1956) provides:
Every plaintiff desiring to suffer a non-suit on trial shall be barred therefrom unless he do so before the jury retire to consider of its verdict.
In numerous cases this Court has construed the above quoted code section as giving a plaintiff the absolute right to take a nonsuit at any time before the retirement of the jury. See, e. g., Williams v. Whitfield, 249 Miss. 634, 163 So.2d 688 (1964); Dabney Foundation, Inc. v. Perry, 223 Miss. 721, 79 So.2d 445 (1955). However, in Schaffer v. Deemer Manufacturing Company, 108 Miss. 257, 66 So. 736 (1914), a lower court’s refusal to permit a plaintiff to suffer a non-suit after it had granted a peremptory instruction to the defendant was upheld on appeal. This decision was grounded upon the theory that when a peremptory instruction is granted,
the cause stands in the attitude that it would have, had it been submitted to a jury and a verdict returned; for, where a peremptory instruction is granted, it is not necessary for the court to go “through the useless formality of having the jury to retire and actually find the verdict directed; but the court should *847 simply ‘render’ judgment as if upon verdict found.” Hairston v. Montgomery, 102 Miss. 364, 59 South. 793. (Id. at 262, 66 So. at 737).
Applying the Schaffer principles to the instant case, we find that for the purposes of the nonsuit statute, the trial court’s sustaining of the defendant’s motion for a directed verdict or peremptory instruction was tantamount to the jury’s retiring and bringing in the verdict, and, therefore, the granting of a nonsuit thereafter was error. Gooch v. Coleman, 143 Miss. 447, 109 So. 18 (1926).
 Moreover, we hold that after arguments are completed on a defendant’s motion for a directed verdict or peremptory instruction and the court is in the process of ruling thereon, the case is in the same posture as if the jury had retired to consider its verdict, and the time for obtaining a voluntary nonsuit has terminated under our non-suit statute. It is improper and impermissible for counsel to interrupt the court while it is in the process of ruling on a requested peremptory instruction. Such a procedure “might well develop into a shouting match between the court and the plaintiff’s counsel, the court attempting to say ‘sustained’ while the plaintiff’s counsel seeks to interject ‘nonsuit’.” Sweeney, Nonsuit in Virginia, 52 Va.L.Rev. 751, 761 (1966). To the extent that the cases of Hill v. Johnson-Cone Brick Company, 180 Miss. 305, 177 So. 520 (1937), Welch v. Kroger Grocery Company, 180 Miss. 89, 177 So. 41 (1937), Keith v. Yazoo & M. V. R. R., 164 Miss. 566, 145 So. 227 (1933) Edwards v. Yazoo & M. V. R. R., 112 Miss. 791, 73 So. 789 (1917), and Gulf and S. I. R. R. v. Williams, 109 Miss. 549, 68 So. 776 (1915), suggestion of error overruled, 109 Miss. 429, 69 So. 215 (1915), are inconsistent with the views herein stated and adopted, they are modified and overruled.
Finally, it is well settled that the introduction of evidence by a defendant after the rejection of his motion for a directed verdict at the close of the plaintiff’s evidence constitutes a waiver of his right to complain of the trial court’s ruling. E. g., Illinois Cent. R. R. v. Perkins, 223 Miss. 891, 79 So.2d 459 (1955); Frisby v. Grayson, 216 Miss. 753, 63 So.2d 96 (1953); Dixie Drive It Yourself Sys. Jackson Co. v. Matthews, 212 Miss. 190, 54 So.2d 263 (1951). Once a defendant’s motion for a directed verdict is overruled and he introduces his evidence, the overruled motion is “out of the case for all time,” and if the defendant later desires a peremptory instruction or directed verdict, he must make a second motion for it at the close of all of the evidence. Haut v. Kleene, 320 Ill.App. 273, 278, 50 N.E.2d 855, 857 (1943); 88 C.J.S. Trial § 254, at 607 (1955). Accordingly, we hold that when a defendant introduces evidence after his motion for a directed verdict at the close of the plaintiff’s evidence has been overruled, the plaintiff’s right to take a voluntary nonsuit under Mississippi Code 1942 Annotated section 1538 (1956), is revived. The plaintiff retains this right until the arguments by counsel are completed on the defendant’s second motion for a directed verdict or peremptory instruction, and the court is in the process of ruling thereon. If the motion is overruled, the plaintiff thereafter has the right to take a voluntary non-suit until the jury’s retirement.
On remand of this case, this opinion should not be interpreted to restrict in any way the trial court’s power in its sound discretion to grant a new trial. This cause is reversed and remanded to the circuit court for entry of a judgment for the appellant.
Reversed and remanded for entry of judgment for appellant.
All Justices concur.