JOSEPH H. GILL v. SARAH E. JONES ET AL.

57  367
78  308

1. UNLAWFUL ENTRY AND DETAINER. *Writ of error. Supreme Court.*
   A writ of error or appeal lies to the Supreme Court, by virtue of Code 1871, §§ 409, 410, 411, from a judgment rendered in the Circuit Court, upon appeal from the special tribunal organized under the act in relation to unlawful and forcible entry and unlawful detainer, which is silent as to the finality of such judgment.

2. SAME. *Judgment of dismissal. Appeal to Circuit Court.*
   A judgment of dismissal, in such a proceeding, by the justices of the peace, for want of prosecution before them, does not conclusively settle the rights of the parties litigant, but is such a final determination of the suit that the Circuit Court has jurisdiction of an appeal therefrom.

3. SAME. *Variance. Dower. Description.*
   The land described by metes and bounds, in the report of commissioners who set off dower, is that to which the widow is entitled although they state a wrong section ; but in her suit to recover the land the defendant can prove the variance, if she does not allege the true section.

ERROR to the Circuit Court of Franklin County.

Hon. J. B. CHRISMAN, Judge.

Sarah E. Jones, her husband joining for conformity, brought this action of unlawful entry and detainer to recover possession of SE¼, section 21, of a certain township, as her dower, from which, after its allotment to her, she had been forcibly ejected by Joseph H. Gill. The special court when organized, dismissed the case at the plaintiff's cost for want of prosecution, and she appealed to the Circuit Court, where there was a jury trial, with a verdict and judgment for the plaintiff, for possession of the land. Thereupon Joseph H. Gill brought the case here, assigning, among other errors, the exclusion by the Circuit Court of his evidence that the land of which he took possession was not in section 21, but was in section 28, to which he held a deed.

*H. Cassedy*, for the plaintiff in error.

1. The Circuit Court had no jurisdiction of the appeal. When the plaintiff, in this statutory proceeding, failed to appear before the special tribunal brought into being by the

means provided, it ceased to exist. Never having acted on the merits, or rendered the judgment which the justices were authorized to give only after trial, there was nothing from which the statute authorized an appeal. The law contemplates a judgment, awarding possession or refusing it, and from such final determination alone can an appeal be prosecuted. Code 1871, §§ 1589, 1593, 1594. The order made in this case simply dissolved the court, leaving the plaintiff where she was before she filed her complaint. This is a question of want of jurisdiction over the subject-matter, and can be made here, although not raised in the Circuit Court. *Green* v. *Creighton*, 10 S. & M. 159; *Lester* v. *Harris*, 41 Miss. 668.

2. Evidence to show that the land of which the defendant took possession was not in section 21, as was that described in the complaint, was offered and excluded. It was pertinent to show that the plaintiff was not deprived of possession of land in section 21, as claimed, and the exclusion of such evidence was error. The deed was pertinent to show the character of the defendant's possession, which will be presumed to be under the legal title. *Rabe* v. *Fyler*, 10 S. & M. 440; *Cummings* v. *Kilpatrick*, 23 Miss. 106.

*M. Green*, for the defendants in error.

1. It is no answer to a suit for land in section 21, to prove that the defendant owns land in section 28. The action cannot affect the latter land; and, if the property which the plaintiff should have sued for is that last described, such fact is not of itself a defence against her suit for the former real estate.

2. The Supreme Court has no jurisdiction to try an appeal or writ of error in a suit for forcible entry and unlawful detainer. That remedy is special and limited, and wholly statutory. It is summary, and the judgment does not bar trespass or ejectment. Code 1871, § 1598. The measure of the jurisdiction, original or appellate, is the language of the special statute, and the case is not covered by Code 1871 § 409. Appeals are allowed to the Circuit Court (Code 1871, § 1594); but there is no provision for bringing such cases to this court. No jurisdiction in this regard can be implied, for it is extraordinary, and must be strictly construed.

George, C. J., delivered the opinion of the court.

This writ of error is prosecuted to revise the judgment of the Circuit Court, rendered in a proceeding of forcible entry and unlawful detainer. It is insisted on behalf of the defendant in error, that, as the statute authorizing such proceedings provides for an appeal to the Circuit Court, but fails to provide specially for an appeal or writ of error to revise the action of that court, its judgment is final, and this writ of error must be dismissed for want of jurisdiction. We do not consider this position well founded. Writs of error or appeals may be prosecuted from any final judgment of a Circuit or Chancery Court, by virtue of Code 1871, §§ 409, 410, 411, except only in cases where by statute a special provision is made to the contrary. When a judgment has been rendered in the Circuit Court, it is the judgment of that court, whether it be rendered in a cause originating there, or brought up by appeal. In some instances the appellate jurisdiction of the court has been denied to revise judgments rendered in the Circuit Court in causes which were appellate in that court; but this denial has been predicated upon some provision in the statute, which made the judgment of the Circuit Court final. *Dismukes* v. *Stokes,* 41 Miss. 430; *Mississippi Central Railroad Co.* v. *Kennedy,* 41 Miss. 551.

But if there is no provision restricting or denying the right of appeal, or the right to a writ of error, as to any particular judgment rendered in the court, the right has uniformly been held to exist. In *New Orleans Railroad Co.* v. *Hemphill,* 35 Miss. 17, 20, it was denied by counsel that a writ of error lay to revise the judgment of the Circuit Court, rendered on an appeal from the proceedings of a jury of inquest to assess damages for the appropriation of land to the use of a railroad company. But the court said : " The act does not declare in terms that the judgment in these cases, either affirming or setting aside the inquest, shall. be final. It is, in fact, perfectly silent on the subject. Judgments of the Circuit Courts, in such cases, are left to stand precisely on the same footing with all other judgments of those courts." This case is an authority exactly in point, as the act on the subject of unlawful and forcible entry and unlawful detainer proceedings is silent as to

the finality of judgments rendered in the Circuit Court upon appeals taken from the special court organized to try such proceedings.

It is urged, however, on behalf of the plaintiff in error that the Circuit Court had no jurisdiction, and that the appeal to that court should be dismissed. He insists that the judgment rendered by the justices of the peace, being a dismissal of the complaint for want of prosecution before them, was not a final judgment; that the plaintiff was not concluded by it, and had a right to institute his suit anew, and that therefore no appeal to the Circuit Court will lie. It is true that the judgment of dismissal for want of prosecution does not finally determine the rights of the parties litigant, but it is a final determination of that suit. Under statutes allowing appeals only after final judgment, the decisions have been uniform, so far as our researches extend, that the judgment is to be understood as final if it puts an end to the particular suit in which it is rendered, whether it finally determines the rights of the parties or not. Freeman on Judgments, §§ 12, 16, and authorities cited.

On the merits of the case, a new trial must be granted. The complainant asked for the recovery of the SE¼ of section 21, alleged to have been set apart to the plaintiff as dower. On the trial, the defendant offered to show that the land of which he took possession was in section 28. This offer was refused by the court, and, as we think, wrongfully. The defendant was not called upon to make any defence, except as to land in section 21, and the evidence offered was pertinent to his defence. We infer from the evidence that the commissioners, who set off the dower of the plaintiff, made the allotment by metes and bounds, and that they gave her land mentioned in their report as being in sections 21 and 22; but that in marking the boundaries they included land in section 28, now claimed by the defendant, supposing it, however, to lie in section 21. If their report shows, by the metes and bounds mentioned in it, that land in section 28 was set apart as part of her dower, she would not be deprived of the right to claim to the line marked by the commissioners, because they made a mistake in supposing it to be the line between

sections 21 and 28. The marked line set out and designated in their report, so as to be capable of being identified from the marks and description given in the report, would govern; but this does not give her the right, under her complaint describing land claimed as in section 21, to recover other land outside of that section. If she desires to recover land in section 28, she must amend her complaint, so as to describe correctly the land she claims.

*Judgment reversed and new trial granted.*