Leonidas E. Jones et al. *v.* Florence M. Kennedy et al.

Dismissal and Nonsuit. *Reinstatement of cause.*

> If a plaintiff, having two suits pending on the same cause of action, one at law and the other in equity, dismiss his suit at law, it is not error to deny his application to set aside the dismissal, although it be made during the term at which the suit was dismissed.

From the circuit court of Union county.

Hon. Perrin H. Lowrey, Judge.

Jones and others, appellants, were plaintiffs, and Kennedy and others, appellees, were defendants in the court below. From a judgment dismissing the suit and an order overruling

a motion to set aside the dismissal, the plaintiffs appealed to the supreme court. The facts are stated in the opinion of the court.

*D. M. Scales*, for appellants.

It is true that on the first day of the term of the court the plaintiffs voluntarily dismissed the suit, and on the very next day made their motion in the court to have the case reinstated. Apparently counsel changed his mind in respect to what was wisest and best method of procedure, and it not appearing that the defendants were prejudiced in any way by the dismissal of the cause, and that the motion to reinstate was very promptly made, we submit that the motion should have been granted.

*Leroy Kennedy*, for appellee.

The action of the court in dismissing the case was eminently proper, in refusing to reinstate the case was, under the circumstances, likewise proper.

TERRAL, J.,* delivered the opinion of the court.

So far as we can gather from the record, the plaintiffs [appellants] had, at the January term, 1902, of the circuit court of Union county, this suit, being an action of assumpsit, there depending and standing for trial, and they also had in the chancery court a suit in regard to the same cause of action against appellees. Conceiving their case in the circuit court unnecessary, they, at said January term, dismissed the same, and an entry upon the minutes was so made. Upon the next day, fearing they had made a mistake in the matter, they moved to set aside the nonsuit, and to reinstate the case upon the docket. The court overruled their motion, and hence this appeal. The decision of the circuit court was entirely competent. The pre-

---

*WHITFIELD, C. J., took no part in this decision because of his connection, before his appointment to the bench, as counsel with an earlier stage of the litigation between the parties.

cise point was so adjudged in *United States* v. *Evans*, 5 Cranch, 280 (3 law ed., 101), and that case is cited with approval in *Copeland* v. *Mears*, 2 Smed. & M., 518.

*Affirmed.*