STATE OF MISSISSIPPI *v.* AMOS WOODRUFF ET AL.

MOTION.

SOVEREIGNTY. *Amenability to suit. Appeal. Interlocutory decree. Code* 1092, § 34. *Motion to dismiss.*

Where the state's amenability to the suit is the point involved in an appeal from an interlocutory decree, granted by the chancery court under Code 1892, § 34, providing for such appeals in certain cases, its amenability will not be assumed as the basis for a motion to dismiss the appeal, although the case had previously been appealed by the complainants to the state supreme court and the supreme court of the United States and thereafter remanded to the chancery court for further proceedings.

FROM the chancery court of, first district, Hinds county.

HON. ROBERT B. MAYES, Chancellor.

Woodruff and others, appellees, were complainants in the court below; the State of Mississippi, appellant, and others were defendants there. The object of the suit was to subject a large quantity of lands to the payment of bonds, aggregating over $300,000, issued by one of the levee boards of the state. At the first term of the court after the suit was begun the defendants appeared and demurred to the bill of complaint, assigning various grounds of demurrer. The state's demurrer assigned, among other causes, that it was not amenable to the suit. These demurrers, all of them, were sustained by the chancery court and the bill dismissed. The complainants, Woodruff and others, appealed to the state supreme court, where the decree sustaining the demurrers and dismissing the suit was affirmed on one only of the grounds of demurrer. See *Woodruff* v. *State,* 66 Miss., 298. Complainants then appealed to the supreme court of the United States, which differently determined the only question decided by the state supreme court, and remanded the cause. See *Woodruff* v. *Mississippi,* 162 U. S., 291. When the case came back to the state supreme court it was then tried upon the causes of demurrer not previously passed upon by it and upon which the United States supreme court had not expressed an opinion. In this second hearing the state supreme court reversed the decree of the chancery court and remanded the cause to that court for further proceedings. See *Woodruff* v. *State,* 77 Miss., 68.

When the case upon its remand reached the chancery court the complainants applied for and obtained leave to amend their bill of complaint, and all of the defendants demurred, generally and specially, to the amended bill. The court sustained the special demurrers and overruled the general ones, and all parties, defendants, appealed to the state supreme court, and Woodruff and others complainants, prosecuted a cross-

Opinion of the court.

appeal. The supreme court of the state affirmed the decrees of the chancery court and remanded the cause for further proceedings. *State* v. *Woodruff,* 81 Miss., 456.

Being back in the chancery court, after the appeal and cross-appeal just mentioned, the state moved that court to dismiss it from the suit because, being sovereign, it was not amenable thereto. This motion the chancery court overruled, but allowed the state an appeal from its order overruling the motion to the supreme court of the state, under Code 1892, § 34.

When the case reached the state supreme court on this appeal, complainants, Woodruff and others, moved the supreme court to dismiss the appeal.

*Green & Green,* for the motion.

*J. N. Flowers,* assistant attorney general, against the motion.

Argued orally by *Marcellus Green,* for the motion, and by *J. N. Flowers,* assistant attorney general, *contra.*

*Frank Johnston* and *McWillie & Thompson* and *Mayes & Longstreet,* represented their respective clients, defendants in the case, but none of them participated in the argument on the motion.

CAMPBELL, Special Judge, delivered the opinion of the court on the motion.*

The right to appeal from an interlocutory decree, given by § 34 of the Code of 1892, is deemed so valuable as to be safeguarded by power in the judges of the supreme court severally to grant such appeal when refused by the chancellor. Code 1892, § 4344. Whenever, at any stage in a case, an

*Judges Calhoon and Whitfield recused themselves in this case, and J. A. P. Campbell and C. H. Alexander, Esqrs., members of the supreme court bar, were appointed special judges in their stead.

interlocutory decree of the kind mentioned in section 34 is made by the chancellor, he may grant an appeal, and the fact that the case has been before the supreme court and remanded is not a bar to such appeal. The chancellor and this court may be relied on to prevent an abuse of the right by its use merely for delay or to put before the court questions already settled. The motion to dismiss the case as to the state and its officers involved the question whether the liability of the state to be sued, as it has been in this suit, has been settled beyond controversy by what has previously occurred in it. This is affirmed by the opponents of the motion. Whether that be true or not is the very matter involved in the motion, and presented a question for the chancellor to decide. He decided it, and granted an appeal from his decision, and properly, as we think. We confine ourselves to the narrow question whether an appeal lay, and avoid any intimation or implication as to the merits of the question involved in the appeal.

*Motion to dismiss the appeal is denied.*