LOUIS P. RICE ET AL. *v.* JAMES W. PATTERSON ET AL.

[46 South., 255.]

**1. PLEADINGS.** *Abatement. Bar. Joinder. Code* 1892, §§ 682, 683, 684.

Several pleas in abatement may be filed at the same time to the same declaration, and so may several pleas in bar; but a plea in abatement cannot be joined with a plea in bar, under Code 1892, §§ 682, 683, 684, governing the subject.

**2. SAME.** *Partnership. Merger into corporation.*

A plea to a declaration against partners averring that the promise counted upon in the declaration was not made by defendants but by an existing corporation having the identical name of defendants' copartnership is not a plea in abatement but in bar and amounts to the general issue; and a plea in such case by one of the defendants averring that the stock previously held by him in the corporation was assigned more than a year before the bringing of the suit is not a plea in abatement.

**3. SAME.** *Examples of bad pleas.*

To a declaration against partners for goods sold and delivered them by plaintiff pleas are defective which respectively aver:

(a) That the copartnership had been merged into a corporation, without showing that the debt sued on was not contracted before the merger; and

(b) That the promise counted upon in the declaration was made by an existing corporation which succeeded the copartnership, without showing that defendants were not liable for the debt sued on; and

(c) A separate plea by one of the defendants which merely pleads that the copartnership had been succeeded by an existing corpo-

ration, that he transferred the stock therein formerly held by him more than a year before the beginning of the suit and was not liable for the debts of the corporation contracted while he owned the stock.

4. SAME. *Partnership debt. Incorporation of partners. Notice.*

Partners cannot escape liability for goods purchased, after they have incorporated, by persons who previously had authority to bind them personally as partners, if the seller were without notice, actual or constructive, of the incorporation.

FROM the circuit court of Lawrence county.

HON. ROBERT L. BULLARD, Judge.

Rice and another, appellants, partners doing business under the firm name, Rice & Co., were plaintiffs in the court below, and Patterson and others, appellees who had been partners doing business under the firm name, Patterson, Tyrone & Co., were defendants there. From a judgment in defendants' favor the plaintiffs appealed to the supreme court. The facts are stated in the opinion of the court.

*J. P. Touchstone,* for appellants.

Appellants' motion for judgment against defendants for mispleading should have been sustained. Code 1906, §§ 740, 741, 742.

Appellees are clearly liable individually for the debts contracted by the corporation before the charter was recorded, since the plaintiffs were without notice of the charter and dealt with them as a copartnership. Constitution 1890, sec. 189, is mandatory.

CALHOON, J., delivered the opinion of the court.

Rice & Co., filed on July 17, 1905—note the date—a valid declaration for goods sold, against Patterson, Tyrone & Co., averring that that firm was composed of James W. Patterson, M. C. Tyrone, and O. C. Luper. Process was issued against these parties defendant and duly served. The account sued on by the declaration was duly sworn to as just, true, and correct, and

wholly unpaid. The affidavit to this account was made June 28, 1905, and the account shows that the goods were sold in three different sales, one of April 11th, another of May 2d, and another of May 28th, all in the year 1904. On October 2, 1905, the defendants filed a general issue plea. Contemporaneously the defendants filed another plea, which they styled a "plea in abatement," in which they say "the said several supposed promises and undertakings in said declaration mentioned, if any such were made, were and each of them was made by the corporation of Patterson, Tyrone & Co., which is still in existence, and at the time of the commencement of this suit was, and still is, within the jurisdiction of this court, and not by these defendants, and this the defendants are ready to verify." On the same day, October 2, 1905, one of the defendants, M. C. Tyrone, filed a separate plea in which he says, as a reason why the action could not be maintained, that "said stock held by him in said corporation of Patterson, Tyrone & Co., was by him transferred in conformity with the by-laws of said corporation more than one year next preceding the commencement of this action, and that he is not liable for the debts of the corporation contracted during his ownership of the stock for the reasons heretofore set forth; and this he is ready to verify."

These two pleas, which seem to be treated as pleas in abatement, are of course not pleas in abatement, but pleas in bar. If valid for any purpose they amount simply to the general issue. By the statute several pleas in abatement may be pleaded at the same time under Ann. Code 1892, § 682, and by section 683 of that code several pleas in bar may be pleaded together; but if pleas in bar and pleas in abatement are pleaded together, then, by Code 1906, § 684, the opposite party is entitled to judgment as for want of proper pleading. The plaintiffs moved to strike out these two last pleas, and for judgment against the defendants for mispleading, but the court overruled this motion. The plaintiffs then demurred to these pleas because they were insufficient in law, because they contained no proper statement

of the incorporation of the organization, and do not show when they were incorporated, whether before or after the contraction of the indebtedness here sued on, etc. The court overruled this demurrer, and this was error.

As we have said, the plea by all the defendants amounted merely to the general issue which had been previously pleaded, and while it states that the promises, if made at all, were made by the corporation of Patterson, Tyrone & Co., it nowhere excludes the idea that the defendants as individuals might not owe the debt. The separate plea of M. C. Tyrone is no plea at all. It does not state or show what is meant by the stock held by him "in said corporation of Patterson, Tyrone & Co.," or what his transfer of it had to do with this action, and, while it does charge that that transfer, or whatever it was, was made more than one year next preceding the commencement of this action, it does not state it was done previously to the sale of the goods, which sale is the basis of this action; and, while he states that he is not liable for the debts of the corporation contracted during his ownership of the stock, he nowhere says he is not liable for the account sued on.

Plaintiffs then made a motion to require the defendants to be more specific in their pleas and to show when Paterson, Tyrone & Co., was incorporated, and whether it was done before or after the debt was contracted, and whether the articles of incorporation were ever published, and if so, whether the charter was ever filed in the office of the Secretary of State and in the office of the chancery clerk as required by law, and, if so, when, and if in fact it was ever organized at all. This motion was overruled by the court. The plaintiffs then filed replications, in one of which they say that Tyrone did not sell his interest before the debt was contracted, and, in another replication, they deny that the debt sued on was the debt of the corporation of Patterson, Tyrone & Co., but say that it was contracted by the firm of Patterson, Tyrone & Co., averring that the firm was doing business under the same firm name from July, 1903, continuously until

June 24, 1904, when for the first time the records showed the charter of the corporation, being after the debt was contracted, and that the plaintiffs had no notice either actual or constructive of the incorporation until after they had sold the goods. It seems that, just at this place, without any issue being joined on the replications, testimony was taken in which the fact of the sales was sufficiently proved and in fact admitted by the appellee Patterson as a witness, although he disclaims liability, at the same time testifying that he bought the goods himself for Patterson, Tyrone & Co., but as a corporation, and not as a partnership. Plaintiffs show that they never had any notice of any change of conditions. Finally the court, sitting without a jury, gave judgment for the defendants.

Looking through this record it is plain that the real question is whether a firm can avoid liability as a firm for goods bought by the people in charge because they have become incorporated under the laws of the state, when the seller had no actual notice of the change into a corporation, and when there was no constructive notice by the recordation of the charter in the office of the chancery clerk of the county where the corporation is to do business. We think the firm is plainly liable, at least up to the time when such notice actual or constructive appears, to say nothing as to whether that recordation would protect where the sign remained the same, about which we give no opinion now.

In order that the issues in this case may be clearly presented by proper pleading and in order to secure a proper trial of them, this case is reversed and remanded.

*Reversed.*