## RIDGEWAY *et al. v.* JONES.

[84 South. 692. No. 21366.]

1. APPEAL AND ERROR. *Assignee's right to prosecute suit in assignor's name includes right to appeal.*

   The right conferred by chapter 134, Laws 1916 (section 497, Hemingway's Code), on the assignee of any interest in a chose in action to begin, prosecute, and continue any suit or action thereon in the name of the assignor includes the right to appeal to the supreme court from a judgment in an action which was begun and prosecuted in the court below in the name of the assignor.

2. APPEAL AND ERROR. *Assignee prosecuting action to judgment in name of assignor must appear in his name.*

   An assignee of an interest in a chose in action on which suit was prosecuted to judgment in the court below in the name of the assignor cannot appeal from the judgment in his own name, but must prosecute the appeal in the name of the assignor.

3. APPEAL AND ERROR. *Appeal by partners must be in their individual names.*

   Where persons composing a partnership have the right to appeal the appeal must be prosecuted in their individual names and not in the name of the partnership.

APPEAL from chancery court of Bolivar County.

HON. G. E. WILLIAMS, Chancellor.

Suit by Mollie Roach Ridgeway and others against F. J. Jones, executor of Samuel Jones, deceased, to have defendant directed to distribute the estate. From a decree dismissing the petition, plaintiffs appeal. Motion to dismiss the appeal overruled.

*Dabney & Dabney* and *Somerville & Somerville,* for appellants.

The attorneys have the right to prosecute their appeal; they were granted this right by the chancellor;

they gave the required bond. Surely, this supreme court will not countenance such a fraud as this executor and the said Mollie Roach Ridgeway undertake to perpetrate; that is, to permit them to make a settlement between themselves on any terms they choose in the face of the knowledge of both that the attorneys had an interest in the matter, without regard to their rights and in the hope to defeat their rights and cover up their tracks by claiming we have no right to appeal.

Mollie Ridgway owned a one-fourth interest in her father's estate; she conveyed to Somerville & Somerville and Dabney & Dabney, her attorneys, a one-third interest in her part of the personalty and a home as a half interest in her part of the land. Therefore Mollie had left to her a two-thirds of her original interest in the personalty and a one-half of her original interest in the land. Thereafter she conveyed to Frank Jones, her brother and the executor, all her interest in her father's estate. This interest of course, was all that she had after the conveyance and assignment above-mentioned to her attorneys. Now just what the interest of Somerville & Somerville and Dabney & Dabney in said estate would amount to under their conveyance and assignment cannot be determined until it is first ascertained what Mollie's true interest was; and Mollie's interest cannot be determined until it is ascertained what was coming to her after the administration. To ascertain this is necessary to know what the assets of the estate were, what the liabilities were and that the accounts of the executor were correct. That is the purpose of this present controversy and the object of the taking of the testimony in this record. The handling of the estate by this negro Frank Jones seems to have been badly mixed up—he claimed credit for excessive expenditures for funeral expenses and tombstone, and for amounts paid on claims that had never been probated, and, amazingly enough, the chancellor

approved his accounts. This is a matter for this honorable court to pass upon, and now because Mollie feels that she is satisfied with what Frank has paid her and is willing to quit the litigation, where do her attorneys stand in the matter? They have a right to continue this cause along to a final determination. Frank Jones, the executor, knew Mollie had given the conveyance and assignment to her attorneys; it was filed in the chancery court in which this cause was pending and was full and complete notice to him. As the matter stands Somerville & Somerville and Dabney & Dabney's one-third interest in the personalty and one-half interest in the land coming to Mollie Roach Ridgway has not been ascertained and cannot be until this honorable court passes on the remarkable administration of this estate. Those attorneys have given bond and are in this court for a determination of their rights. Because a client undertakes to dispose of her suit without the knowledge and consent of her attorneys does not preclude them from proceeding with the matter to have their rights determined and establish.

See *Weeks et al* v. *Wayne Circuit Judges* (Mich.), 41 N. W., 269.

(Supreme Court of Michigan, Jan. 14, 1899.)

Attorneys and Client: *Lien: Compromise.*

1. Where plaintiff, with defendants knowledge, agrees with his attorneys to pay them a reasonable compensation for their services and disbursements made in prosecuting a suit, from the proceeds of the judgment which should be obtained, and the parties settle without the knowledge or consent of the attorneys, or payment of their claims, it is improper for the court to vacate the judgment and dismiss the suit without securing the rights of the attorneys under their agreement.

2. The rule that courts look with favor upon a compromise and settlement made by the parties to a suit

with the consent of all persons concerned to prevent the vexation and expense of further litigation, applies only where the rights and interests of all parties concerned, both legal and equitable, have been respected and good faith observed, and that attorneys have no rights, cannot be assumed without inquiry.   . . .

PER CURIAM.   The relators were attorneys for George W. Myers, who obtained a judgment of two thousand five hundred dollars against the Detroit Free Press Company in an action for libel which they prosecuted for Ayres in the Wayne circuit court.   Ayres was poor, and when he commenced his suit and retained his attorneys he made an agreement with them by which they were to be paid a reasonable compensation for their services and disbursements made in prosecuting the suit, from the proceeds of the judgment which should be obtained;   and it is stated in the affidavits of the relators that this arrangement was known to the defendant, and which is not denied in any affidavit on the part of defendant accompanying the return of respondents.   And it is further shown that the defendant in the libel suit, without the kowledge of the attorneys for either party and without the consent of relators, or they having received their pay for their services and disbursements in said suit, settled said suit with the plaintiff, and obtained his receipt in full for said judgment, and upon settlement took the order of the court setting aside said judgment, and dismissing the plaintiff's case.   Relators now move for a mandamus requiring respondents to vacate said order discharging said suit, and that the order setting aside said judgment be modified in such manner as to secure the rights and interests of relators therein under their said agreement with the plaintiff in said suit.   Held, that relators are entitled to have the relief they ask against the action taken by the circuit judge in the premises, and that the order

entered should be modified as prayed in the petition. That the arrangement made by relators with Ayres to be reimbursed for moneys advanced by them, and for pay for their service in prosecuting the suit from the proceeds of the judgment which should be obtained in the case, operated as an assignment of the judgment to relators to the extent of those claims, and until they have received their pay, the plaintiff could give no valid discharge of the judgment. *Kinney* v. *Tabor,* 62 Mich. 517, 29 N. W. 86, 512; *Potter* v. *Hunt,* 36 N. W. 58; *Wells* v. *Elsam,* 40 Mich. 218; *Andrews* v. *Morse,* 31 Amer. Dec. 752, and notes; Weeks, Attys., sec. 369; *Hutchinson* v. *Howard,* 15 Vt. 544. That it is true courts as a rule look with favor upon a compromise and settlement made by the parties to a suit with the consent of all persons concerned, to prevent the vexation and expense of further litigation; but the rule only applies where the rights and interests of all the parties concerned, both legal and equitable have all been respected, and in good faith observed. Parties cannot assume that attorneys have no rights, without inquiry. The present does not disclose such a case, and the writ prayed for must be granted."

*Roberts & Hallam,* for appellee.

So far as the motion to dismiss the appeal of Mollie Roach Ridgway is concerned, the motion is made under Rule 23 of the Revised Rules of the supreme court, and the affidavits attached to the motion show that the appeal has been taken without the authority of Mollie Roach Ridgway, and in fact, against her protest. For this reason, the appeal as to her obviously should be dismissed.

No other persons were petitioners in the court below than Mollie Roach Ridgway. Messrs. Somerville & Somerville and Dabney & Dabney were not parties to

the proceeding in the court below, but the cause was tried solely on the petition of Mollie Roach Ridgway, which will be found commencing at page 28 and ending on page 33 of the record.  Therefore, Messrs. Somerville & Somerville and Dabney & Dabney, not being parties to the trial in the court below, could not appeal from the decree there rendered.   Besides this, if it could possibly be said that these gentlemen were properly parties in the court below merely because they signed the petition as solicitors for Mollie Roach Ridgway, which is not admissible, they were such only in their firm names, it not being made to appear from the pleadings who composed the firm of Somerville & Somerville or who composed the firm of Dabney & Dabney the motion is therefore also well taken.

For the reasons indicated, we submit that both motions should be sustained and the appeals in this case dismissed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree dismissing a petition praying that an executor be directed to distribute the decedent's estate in accordance with the terms of his will.

Samuel Jones by his last will and testament devised all of his property to his four children, one of whom is the appellant Mollie Roach Ridgeway, and appointed the appellee, F. J. Jones, as his executor, who duly qualified and proceeded to the discharge of his duties as such. Mollie Roach Ridgeway, having failed to obtain what she considered to be her portion of her father's estate, employed Messrs. Dabney & Dabney and Somerville & Somerville, attorneys at law, to obtain the same for her, and to institute whatever legal proceedings might be necessary therefor, executing to them as compensation for their services an assignment of a one-third interest in the

personal property and one-half interest in the real property to which she might be entitled. Pursuant to their employment these attorneys filed a petition for Mollie in the court below, praying for the payment of the administrator to Mollie of her share of the money alleged to have come into the administrator's hands as a part of the testator's estate.

When this petition came on to be heard it was dismissed by the court below, and Dabney & Dabney and Somerville & Somerville for themselves prayed for and were granted an appeal to this court. These attorneys were not otherwise made parties to the record in the court below. The assignment to them of an interest in her portion of her father's estate by Mollie hereinbefore referred to was filed along with the papers in the case. Afterwards a bond for an appeal to this court was executed with Mollie Roach Ridgeway, Dabney & Dabney and Somerville & Somerville as principals therein. Mollie Roach Ridgeway's name being signed thereto by ''Somerville & Somerville, attorneys.''

The cause now comes on to be heard on two motions filed by the appellee. The first motion sets forth that Dabney & Dabney and Somerville & Simerville are without authority to prosecute this appeal on behalf of Mollie Roach Ridgeway, prays that they be directed to disclose their authority therefor, and in event of their failure so to do that the appeal of Mollie Roach Ridgeway be dismissed. The second motion prays for the dismissal of the appeal as to Somerville & Somerville and Dabney & Dabney for the following reasons:

''(1) The said Somerville & Somerville and Dabney & Dabney were not parties litigant in the court below, and are therefore without legal right to prosecute an appeal to this court from the decree rendered in the court below.

''(2) The firms of Somerville & Somerville and Dabney & Dabney are each copartnerships who can sue only in

the names of the individual partners, and no suit has been filed by said partners on account of said partnerships in which any decree has been rendered from which this appeal is prosecuted.''

It appears from the evidence submitted on these motions that after the rendition of the decree appealed from Mollie Roach Ridgeway instructed her attorneys not to appeal therefrom, and that they now have no authority to represent her except such as results from the assignment by her to them of an interest in her portion of the estate. Under the provisions of chapter 134, Laws of 1916 (section 497, Hemingway's Code), the assignee of any interest in a chose in action may begin, prosecute, and continue any suit or action thereon in the name of the assignor, in which right is necessarily embraced that of an appeal to this court. Consequently Dabney & Dabney and Somerville & Somerville, the assignees herein, have the right to prosecute this appeal in the name of Mollie Roach Ridgeway, the assignor, without any other authority from her so to do than the assignment itself. The motion to dismiss the appeal will therefore be overruled.

Dabney & Dabney and Somerville & Somerville cannot, of course, appeal in their own names for two reasons: First, they did not join in the petition in the court below as they might have done; and, second, the appeal, if otherwise allowable, should have been in their individual and not partnership names. Including their names in the appeal bond, however, was mere surplusage.

*Overruled.*