Bolivar·Compress Co. *et al. v.* Mallett.*

(Division B.    May 11, 1925.)

[104 So. 79.    No. 24960.]

Assignments.    *Assignee of chose in action assigned before suit may sue in name of original party or be substituted, as party plaintiff for assignor.*

Chapter 134, Laws of 1916, Hemingway's Code, section 497, provides, among other things, that in case of the transfer or assignment of any interest in a "chose in action before or after suit brought, the action may be begun, prosecuted and continued in the name of the original party, or the court may allow the person to whom the transfer or assignment of such¹ interest has been made, upon his application therefor, to be substituted as a party plaintiff in said action." Suit was brought by the assignee of a chose in action in the name of the assignor, the assignment having taken place before action brought. *Held,* that the assignee could either prosecute the action in the name of the original party, or be allowed to be substituted as party plaintiff for the assignor.

*Headnote 1.    Assignments, 5 C. J., sections 176, 193, 195 (1926 Anno).

Appeal from circuit court of Bolivar county.
Hon. W. A. Alcorn, Jr., Judge.

Action by J. L. Mallett against the Bolivar Compress Company and others.    From judgment for plaintiff, defendants appeal.    Affirmed.

*Shands, Elmore & Causey* and *Lucy R. Somerville,* for appellants.

The Court Should not Have Permitted J. L. Mallett to be Substituted as Plaintiff, after it was Admitted that Suit Had Been Instituted by a Plaintiff, Mrs. Wheatley, Who Had no Legal Title to Chose in Action Declared upon. This was an action for the conversion

of two bales of cotton, filed in the circuit court, a law court, by Mrs. Susie Wheatley, on November 10, 1923.

On October 22, 1923, Mrs. Wheatley had assigned all title to the chose in action declared upon to J. L. Mallett. One of the defenses pleaded by the defendants was that Mrs. Wheatley had no title to this chose in action at the time of filing suit. After the case was called and trial begun, attorneys for Mrs. Wheatley moved to strike from the files that part of defendant's plea. After this motion was overruled, then the motion to substitute J. L. Mallett as plaintiff was made and allowed.

The sections of the code, which will probably be urged as authorizing this substitution are sections 496, Hemingway's Code, section 717, Code 1906), section 497, Hemingway's Code and section 498, Hemingway's Code (section 718, Code 1906).

In *St. Paul Fire & Marine Ins. Co.* v. *W. H. Daniel Auto Co.* (1920), 121 Miss. 745, 83 So. 807, this court has reaffirmed the principle that in order to maintain a suit in a court of law, the plaintiff must have the legal title to the chose in action. To the same effect are: *Beck* v. *Rosser,* 68 Miss. 72, 8 So. 259 and *Nowlin* v. *Rand,* 8 So. 511.

So we say without further argument that Mrs. Wheatley had no right to institute suit against the defendants, that the case was not properly in court and should have been dismissed or a directed verdict for defendants granted.

But the plaintiff, Mrs. Wheatley, in effect admitted she had no right to sue by joining with J. L. Mallett, the owner of the legal title to the chose in action declared upon, in the motion to substitute Mallett for herself as plaintiff. The court was clearly without authority to permit the substitution of entirely different parties plaintiff. We find only one Mississippi case in point. *Mississippi Central R. R. Co.* v. *Maple,* 107 Miss. 721, 65 So. 644.

The holdings in other jurisdictions are in full accord with that of this court. *St. Marks Methodist Church* v.

*Ga. Power Co.,* 91 S. E. 1047.; *Norfolk So. Ry. Co.* v. *Greenwick Corp.,* 95 S. E. 388; and *Davis, Agt.,* v. *Chrisp,* 252 S. W. 606.

Under the common law no change of parties was allowable, but the legislature has by statute modified the ancient rule in certain particulars, but in such particulars only, there being no such thing as an inherent, indefeasable right to substitute parties to an action. The statutes cited above clearly do not give a right to substitute for a plaintiff who had, at the time of filing suit, no legal right, title or interest in the chose in action declared upon, another plaintiff who happens to own the legal title to that particular chose in action. The statute does not expressly authoribe such a change of parties and we submit cannot be construed to impliedly authorize such procedure.

This case was improperly in court and the lower court had no power to authorize the substitution of J. L. Mallett as plaintiff.

*Clark, Roberts & Hallam,* for appellee.

It is argued that the court below erred in permitting Mallett's name to be substituted in the declaration in the place of Mrs. Susie Wheatley's. Under the law the trial court was justified in permitting the amendment to be made.

It was the rule at common law that the assignee of a chose in action could not sue thereon at law in his own name, but that he could only proceed for the enforcement of the chose assigned in the name of the assignor. 4 Cyc. 92, 93, 94, and notes. This rule, however, was changed by statute in Mississippi at an early day. *Tullys* v. *Herrin,* 44 Miss. 626. By these statutes the assignee was authorized, if he chose, to sue in his own name and the general rule is that where the statute merely authorizes but does not require actions by assignees to be brought in their own names, an assignee of a chose in action may

still, as at common law, sue for the enforcement of the chose in the name of the assignor. 4 Cyc. 98.

Of course, after the owner of a chose in action has assigned it, he has no further interest therein and cannot himself sue thereon even for the use of the assignee. *Beck* v. *Rosser,* 68 Miss. 72. That case did not hold that an assignee of a chose in action might not yet sue in the name of his assignor for his own use and benefit as at common law. The right to sue in the name of the assignee, if the assignment be in writing is, by the statute, permissive only and not obligatory. Section 496, Hemingway's Code (sec. 717, Code of 1906).

Thus far we have endeavored to state the law as it stood prior to the enactment of section 497 of Hemingway's Code (chapter 134, of the Laws of 1916). By reference to the title of that act, it will be seen that it was enacted for the purpose of ''regulating the rights of any assignee in and to any claim or demand upon which suit may be begun or has been begun. It will thus be seen that under this statute the right is given to an assignee of a chose in action to sue thereon in his own name or in the name of his assignor, at his election. This is the explicit language of the statute. He may begin, prosecute and continue the suit in the name of his assignor, and if he afterwards so chooses, the court may, in an action brought in his assignor's name, on his application substitute the assignee as plaintiff in the place of the assignor; and thus the deplorable state of the law referred to by Judge Campbell in *Beck* v. *Rosser,* supra (in which no motion was made to substitute the name of the assignee in the place of the name of the assignor as here) is done away with.

This court construing the Act of 1916, held in *Ridgway* v. *Jones,* 122 Miss. 624, 84 So. 692, that the assignee of any interest sued thereon in the name of the assignor, in which right was necessarily embraced that of an appeal to the supreme court. The assignment there involved was made prior to the institution of the suit in the court below and the suit was instituted by the as-

signor only. After the decision of the case in the court below the assignor directed her attorneys not to appeal from the decree, but the attorneys nevertheless prosecuted such an appeal in the name of the assignor, and the court held that they had such right by virtue of their assignment, and that if they had the right to begin the suit in her name in the first instance they had also the right to prosecute an appeal from a decree adverse to her.

It is contended by the appellant that this statute has reference only to an assignment of a fractional interest in a chose in action, and that the words "any interest" have relation only to a fractional interest and not to the whole. We insist that any interest in the chose in action embraces not only a fractional part but the entire chose in action. 3 C. J. 232 and note 33; Ib. 329 and notes 50 and 51.

The only reasonable interpretation to be given to the statute is that if the assignment is of the whole cause of action, the assignee may sue, either in his own name or in the name of his assignor, and if he sues in the name of his assignor he may have himself substituted as plaintiff. And if the assignment is of a part of the chose in action only, both the assignee and the assignor must be joined in some manner in the action to prevent a splitting of the chose in action and the vexation of a multiplicity of suits. This is true except in case of attorneys, who are not required by statute to be made parties to the action. *Expressio unius est exclusio alterius.*

In *Insurance Co.* v. *Daniel Auto Company,* 121 Miss. 745, 83 So. 807, cited by appellants, the statute now under consideration was not involved, or referred to, and no motion was there made to substitute the real party in interest; and in that case the action was brought by the assignee before the assignment had been made, and at a time when he had no rights, legal or equitable. The decision was, therefore, clearly right.

In the case of *Railroad Company* v. *Maples,* 107 Miss. 721, 65 So. 644, also cited by appellants, Mrs. Maples, the original plaintiff, and the person who instituted the suit,

never had any right, legal or beneficial, or as assignee or assignor, but was an entire stranger to the whole transaction.

In the case now under consideration the original suit was brought by the real party in interest (Mallett) in the name of his assignor (Mrs. Wheatley), in a court having original jurisdiction, and this fact being shown to the court by motion (R. p. 27), Mallett was permitted to amend his declaration so as to eliminate Mrs. Wheatley's name and to show on the face of the declaration the real litigant, the real party in interest.

We contend that the amendment was perfectly proper and permissible under section 558, Hemingway's Code (section 775, Code 1906), leaving out of consideration entirely chapter 134 of the Laws of 1916. The controversy between the parties was the liability of the appellants for the conversion of the cotton—that was the real question in the case,—and it makes no difference to the appellants who was to receive the money, so that the course of the proceedings protects them from double payment. *Kelly* v. *Continental Casualty Co.*, 87 Miss. 438, 40 So. 1.

The practical effect of the amendment in the case at bar was the same as that in the Kelly case, and that case should control here. Both Mallett and Mrs. Wheatley are effectually estopped to claim that the cause of action actually tried did not belong to Mallett. To the same effect are: *McCue* v. *Massey,* 90 Miss. 124, 43 So. 2; *Jones* v. *Clemmer,* 98 Miss. 508, 54 So. 4; *Stuyvesant Ins. Co.* v. *A. C. Smith Motor Sales Co.,* 99 So. 575.

Where an action is improperly brought in the name of an assignee instead of the assignor, this may be remedied by amendment. *Robertson* v. *Reed,* 47 Pa. St. 115. And where an action was brought by an assignee in the name of the assignor for the use of the assignee, an amendment making the assignee plaintiff will be allowed. *Heard* v. *Lockett,* 20 Tex. 162; *McCullar & Co.* v. *Mink,* 83 So. 907; *Greenwood Grocery So.* v. *Bennett,* 101 Miss. 573, 58 So. 482, 598.

Argued orally by *Lucy R. Somerville,* for appellants.

ANDERSON, J., delivered the opinion of the court.

Appellee, J. L. Mallett, recovered a judgment in the Second district of the circuit court of Bolivar county against appellants Bolivar Compress Company and others, from which judgment appellants prosecute this appeal.

The action was for a conversion by appellants of certain cotton on which Mrs. Susie Wheatley had a landlord's lien for unpaid rent. The appellee brought the action in the name of Mrs. Susie Wheatley. It developed on the trial that Mrs. Wheatley before the action was brought had transferred and assigned in writing to appellee her entire interest in the claim which was the basis of the action, and that therefore she had no interest in the cause of action. Thereupon appellee by leave of the court was substituted, over the objection of appellants, as plaintiff in the place of Mrs. Wheatley. The action of the court in permitting that amendment is the only question argued on behalf of appellants.

If there was ever any doubt as to the propriety of such an amendment, we are of opinion that such doubt has been removed by chapter 134, Laws of 1916, Hemingway's Code, section 497, which provides, among other things, that in case of the transfer or assignment of any interest in a "chose in action *before or after suit brought,* the action may be begun, prosecuted and continued in the name of the original party, or the court may allow the person to whom the transfer or assignment of such interest has been made, upon his application therefor, to be substituted as a party plaintiff in said action." (Italics ours.) It will be noted that the statute used the language "any interest in such an action." Any interest in a chose in action embraces all as well as any fractional part thereof. 3 C. J., p. 232, section 4 *et seq.,* and notes. As it appears to the court, to so construe the statute not only conforms to its language, but makes the statute

serve a wise and just purpose. The present case is an illustration: We have here the real party in interest bringing the action in the name of his assignor who has no interest whatever in the cause of action. The court has jurisdiction of the cause and of the defendants; and the plaintiff, although not before the court in name, is prosecuting the action through his attorneys; that will be presumed at least, for he alone is interested in its prosecution. Under those conditions, what possible harm was done the defendants by the substitution of the real party plaintiff in the place of one who had no interest? We are unable to see any. On the other hand, if the cause had been dismissed on the ground that the proper plaintiff was not before the court, unnecessary delay and expense would have resulted.

We deem it useless to review the cases decided by this court before the adoption of chapter 134, Laws of 1916, cited and relied on by appellants.

*Affirmed.*