## SOLOMON $v.$ CONTINENTAL BAKING CO.

(In Banc. Jan. 27, 1936. Suggestion of Error Overruled Feb. 17, 1936.)

[165 So. 607. No. 32100.]

See, also, 172 Miss. 388, 160 So. 732.

Brewer & Montgomery, of Clarksdale, for appellee, on motion to dismiss.

**E. W. Smith** and **Pat D. Holcomb**, both of Clarksdale, for appellant, on motion to dismiss.

**E. W. Smith** and **Pat D. Holcomb,** both of Clarksdale, for appellant.

Brewer & Montgomery and Charles A. Sisson, all of Clarksdale, for appellee.

ON MOTION TO DISMISS.

**Smith, C. J.**, delivered the opinion of the court on motion to dismiss.

The appellant, the plaintiff in the court below, sued the appellee for damages resulting from a personal injury alleged to have been sustained by her, because of the negligence of one of the appellee's servants. On motion of the appellee, the court below dismissed the cause; its judgment reciting that "the plaintiff in the absence of the jury having admitted that the right for damage arising out of the accident set forth in the declaration herein had before the institution of this suit been assigned to the General Exchange Insurance Company, and the defendant having moved the court to require the plaintiff to amend her pleadings herein to show said fact upon penalty of the dismissal of this suit, and the court having required the plaintiff to make said amendment and the said plaintiff having refused to do so, but electing to prosecute this cause in the name of the plaintiff alone, and the court being being of the opinion that the motion of the defendant that this cause be dismissed should be sustained by reason of the failure on the part

of the plaintiff to amend the pleadings herein, it is, therefore, accordingly ordered and adjudged that this cause be and the same is hereby dismissed without prejudice.''

The appellee has filed a motion to dismiss this appeal on two grounds:

(1) The order of the circuit court of Coahoma county, Mississippi, upon which this appeal is based, shows from its face that appellant, Mrs. Annie P. Solomon, has no right, title, or interest in and to the subject-matter of litigation.

(2) It affirmatively appears from the order appealed from that the case was dismissed without prejudice, and therefore there is no final judgment in the case from which an appeal can be prosecuted.

The first of these grounds relates to the merits of the case determinable, not on a motion to dismiss, but when the court comes to the consideration of the assignments of error. State v. Woodruff, 83 Miss. 107, 35 So. 422.

Second, the appellee says that the dismissal of a case without prejudice is not a final judgment within the meaning of section 13, Code 1930, which provides that "an appeal may be taken to the Supreme Court from any final judgment of a circuit court in a civil case, not being a judgment by confession or from any final decree of the chancery court, not being by consent, by any of the parties or legal representatives of such parties." The cases (Ewing v. Glidwell, 3 How. 332, 34 Am. Dec. 96; Copeland v. Mears, 2 Smedes & M. 519; Greenlee v. McCoy, 30 Miss. 588; and Jones v. Kennedy, 81 Miss. 499, 33 So. 287) holding that a judgment of nonsuit or dismissal rendered at the instance of a plaintiff is not appealable by him for the reason that he consented thereto are not applicable here, for this appeal is not from a judgment rendered at the request of the plaintiff, but one rendered against her will and over her protest. The appellee's contention is that the judgment contemplated by the statute is one disposing of the merits of the con-

troversy between the parties, and not one simply disposing of the particular case, leaving the merits of the controversy undisposed of and permitting the plaintiff to institute a new action. The argument was negatived by this court more than fifty years ago in Gill v. Jones, 57 Miss. 367, wherein it was said: "It is urged, however, on behalf of the plaintiff in error that the circuit court had no jurisdiction, and that the appeal to that court should be dismissed. He insists that the judgment rendered by the justices of the peace, being a dismissal of the complaint for want of prosecution before them, was not a final judgment; that the plaintiff was not concluded by it, and had a right to institute his suit anew, and that therefore no appeal to the circuit court will lie. It is true that the judgment of dismissal for want of prosecution does not finally determine the rights of the parties litigant, but it is a final determination of that suit. Under statutes allowing appeals only after final judgment, the decisions have been uniform, so far as our researches extend, that the judgment is to be understood as final if it puts an end to the particular suit in which it is rendered, whether it finally determines the rights of the parties or not." That case was followed in McKinnon v. Horn, 78 Miss. 307, 29 So. 149; Feazell v. Staltzfus, 98 Miss. 886, 54 So. 444; and is in accord with the holdings of the courts of other jurisdictions. Weston v. City Council of Charleston, 2 Pet. 449, 450, 7 L. Ed. 481; 3 C. J. 497; 2 R. C. L. 42; 1 Freeman on Judgments (5 Ed.), secs. 22 and 23.

The two cases relied on by the appellee are Gulf & Ship Island R. Co. v. Williams, 109 Miss. 549, 68 So. 776, and State ex rel. Brown v. Poplarville Sawmill Co., 119 Miss. 432, 81 So. 124. In the second of these cases the plaintiff appealed from an order dismissing the case at his request, and in the first the defendant appealed from an order of dismissal made at the request of the plain-

tiff. In both of these cases the appeals were dismissed; the court saying that the dismissal of an action without prejudice was not a final judgment. This holding of the court was in conflict with its prior decisions, and in the second case was not necessary for the decision thereof.

In none of the cases cited from other jurisdictions in either of these cases were the courts called on to determine whether a judgment of nonsuit or dismissal was a final judgment for the purpose of an appeal. In Bostwick v. Brinkerhoff, 106 U. S. 3, 1 S. Ct. 15, 27 L. Ed. 73, the trial court dismissed a bill of complaint on demurrer thereto. The state Court of Appeals reversed (88 N. Y. 52) this judgment, ''with leave to the defendants to withdraw the demurrer  .  .  .  and answer the complaint.'' This judgment not only did not terminate the particular case, but left it open for further proceedings therein on the merits of the controversy between the parties.

In Mower v. Fletcher, 114 U. S. 127, 5 S. Ct. 799, 29 L. Ed. 117, the appeal was from a judgment reversing a trial court and directing that court to render a judgment for the opposing party. This judgment, the court said, was final. It is true that in both of these cases the court said that a judgment or decree, to be final, within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeals and writs of error, must terminate ''the litigation between the parties on the merits of the case, so that, if there should be an affirmance here, the court below would have nothing to do but to execute the judgment [or decree] it had already rendered.'' In neither, however, did the court have under review a judgment which disposed of a particular case by dismissing it, leaving the merits of the controversy open.

In Weston v. City Council of Charleston, 2 Pet. 449, 450, 464, 7 L. Ed. 481, the court had just such a judgment under review. In that case a writ of prohibition was issued,

restraining the city of Charleston from collecting taxes claimed to be due it by Weston. No suit or action had been begun by the city, but Weston sued out a writ of prohibition restraining the city from collecting the taxes claimed. The state court reversed the order granting the writ, overruled the ground on which the writ was sued out, and dismissed it. No judgment was or could have been there rendered, awarding the city the right to recover the tax. In response to a motion to dismiss the appeal, the court said: "We think also, that it was a final judgment, in the sense in which that term is used in the 25th section of the judiciary act. If it were applicable to those judgments and decrees only in which the right was finally decided, and could never again be litigated between the parties, the provisions of the section would be confined within much narrower limits than the words import, or than Congress could have intended. Judgments in action of ejectment, and decrees in chancery, dismissing a bill, without prejudice, however deeply they might affect rights protected by the constitution, laws or treaties of the United States, would not be subject to the revision of this court. . . . The word 'final' must be understood in the section under consideration, as applying to all judgments and decrees which determine the particular cause."

In Doudell v. Shoo, 159 Cal. 448, 114 P. 579, the judgment under review was interlocutory, and therefore of course was not a final judgment.

In Wilson & Gray v. May Pants Co. (Miss.), 37 So. 813, an action before a justice of the peace was dismissed without prejudice to the rights of the plaintiff thereafter. The plaintiff brought another suit on the same cause of action, and the former judgment of dismissal was pleaded in bar thereof. The court simply held that the judgment of dismissal did not bar a subsequent action on the merits

The appellee in State ex rel. Brown v. Poplarville Sawmill Co., supra, was properly dismissed, for the reason

that the appeal was by the plaintiff from a nonsuit taken by him; but the expressions therein, and in Gulf & S. I. R. Co. v. Williams, supra, to the effect that a judgment dismissing an action or suit without prejudice is not a final judgment within the meaning of section 13 of the Code of 1930, are disapproved and overruled.

The motion will be overruled.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, Mrs. Annie P. Solomon, plaintiff in the court below, brought a suit, in tort, against the appellee, Continental Baking Company, for an injury to her automobile occasioned by a collision between it and a truck owned by the appellee. Prior to the bringing of this suit, the right of action had been transferred to the General Exchange Insurance Company, whose attorneys brought this suit in the name of the original claimant.

The appellee pleaded the general issue, with notice thereunder alleging that the claim had been assigned to the General Exchange Insurance Company, and that it was a necessary party to the litigation, and praying that the plaintiff be required to amend the declaration to show that fact, or that the suit be dismissed.

In the absence of the jury, the appellant stated to the court that the cause of action had been assigned to the General Exchange Insurance Company prior to the bringing of this suit, but that under section 505, Code of 1930, the plaintiff had the right to have the suit brought in her name, and the court had no right to require them to make an amended declaration. The plaintiff also moved to strike the notice under the plea of the general issue, because it was unauthorized in this proceeding.

The court sustained the motion of the defendant, appellee, to require the appellant to bring in as a party to the litigation the General Exchange Insurance Company.

The attorneys for the appellant stated to the court that

they represented the General Exchange Insurance Company, and the suit was brought for that company in the name of the appellant, and declined to make the amendment which the court directed the appellant to make or the suit would be dismissed. The court, thereupon, dismissed the suit without prejudice, and granted an appeal to this court.

Section 505, Code of 1930, reads as follows: "The assignee of any chose in action may sue for and recover on the same in his own name, if the assignment be in writing. In case of a transfer or an assignment of any interest in such chose in action before or after suit brought, the action may be begun, prosecuted and continued in the name of the original party, or the court may allow the person to whom the transfer or assignment of such interest has been made, upon his application therefor, to be substituted as a party plaintiff in said action. If in any case a transfer or assignment of interest in any demand or chose in action be made in writing before or after suit is filed, to an attorney or firm of attorneys, appearing in the case, it shall be sufficient notice to all parties of such assignment or transfer, if such assignment or transfer be filed with the papers in said cause, and such attorney or attorneys shall not be required to be made parties to said suit."

We are of the opinion that the court below was in error in making an order requiring an amendment, and dismissing the suit for failure to comply with such order. It will be seen from the above-quoted section that a suit may be brought or continued in the name of the original party, and that the court will allow the person to whom the transfer has been made, on his application, to be substituted as a party plaintiff in said action. This statute enlarges the rights conferred upon the assignee by the common law, and has been applied in a number of suits. See Bolivar Compress Co. v. Mallett, 139 Miss. 213, 104

So. 79; Ridgeway v. Jones, 122 Miss. 624, 84 So. 692; Kelly v. Continental Casualty Co., 87 Miss. 438, 40 So. 1, and Rice v. Patterson, 92 Miss. 666, 46 So. 255.

It is argued by appellee that section 507, Code of 1930, requires an assignment to be in writing and filed with the papers, and that such an assignment was not made in the case at bar. The provisions of section 507 are not in conflict with section 505. Section 507 provides for an assignment and the making of entries thereon, which is evidently for the protection of the parties having no notice, and who deal with the matter of the assignment as purchasers in good faith, without notice, and also to prevent comment being made by attorneys that other attorneys had an interest in the litigation.

The judgment of the court below will therefore be reversed, and the cause remanded, for further proceedings in accordance with this opinion.

Reversed and remanded.